United States District Court, Northern District of Florida
Pensacola Division

PROVIDED TO SANTA ROSA C.I. ON MAR 03 2021 FOR MAILING BY RL

Robert S. Lee,
Plaintiff,

v. Case: 3:20-cv-5462-MCR-HTC

Sgt. Dice, G. Richburg, C. Cattnach, M. Tona,
T. McCraine, C. Jones, J. Boatwright, et. al.

Motion For
Summary Judgment
Memorandum of Law

Pursuant to Rule (56) Plaintiff, Robert S. Lee, #T15204, pro se, in proper person, and hereby files this response to defendant(s) motion to Summary Judgment with this Honorable Court for further proceeding: In Support of this response the plaintiff states the following:

I. Plaintiff concedes that Defendant(s) violated clearly established law by using excessive force to deprive him of his state and personal property w/o intervene/protecting him from the abuse (assault and battery). As facts allowed implication that harm was imposed unnecessarily and with no legitimate purpose. As well deliberate Indifference to his serious medical need, misuse of power, conscious Indifference, Defendants allege that qualified immunity holds that they shielded from being sued for civil damages insofar as their conduct violated clearly established statutory/constitutional rights of which a reasonable person would have known was violating plaintiff's rights. The Law of supervisor liability was clearly established at the time of the allege battery/assault done by these officials.

II Plaintiff is entitled to compensatory, punitive and nominal and/or presume damages.

FILED USDC FLND PN MAR 5 '21 PM1:52

## Procedural History

Plaintiff brought this action 42 U.S.C.S. 1983 before the court may 2020 seeking damages for misuse of power, excessive force, failure to intervene, Falsifing Reports & Downant w/o justification, conscious indifference, an deliberate indifference to his serious medical needs. Plaintiff later filed an amended complaint 8/12/2020 which was granted to proceed. Later Defendants filed motion to dismissal to which was treated as summary judgment due to defendant(s) stating plaintiff failed to state a [illegible] claim. On November 25th 2020 case management and scheduling order was set.

## Statement of Material Facts

Robert S. Lee, Plaintiff is a convicted prisoner who filed this pro se civil rights action against various officers at Santa Rosa Correctional Institution in Milton, Florida 32583. Plaintiff makes a number of claims arising from his confinement/close management at S.R.C.I. Main Unit. These allegations are misuse of power, conscious indifference, Excessive force, failure to intervene, deliberate indifference to a serious **medical need**, deprivation of property w/o due process.

On September 4th 2019 each defendant acted under state and federal law by violating plaintiff's rights as described; At or around 12:30pm to 3:55 pm defendants L.T. McCraine and Sgt. M. Tona were going to different cells {G1107, G1119, G1221} placing inmates on property restriction for throwing trash outside their assigned cells. After leaving the Quad both Tona & McCraine re-enter the Quad an come right to plaintiff's cell G1211 where he's told by them "is he gonna cuff up or run-it because he's being placed on "strip". He stated what did he do wrong to be put on strip". Both Tona and McCraine said it did not matter just cuff-up. Then Tona and McCraine

go to summon mental health counselor V. Adams for C.I.T. where he trys to explain that he has not done anything wrong. Nobody seems to be concerned that Plaintiff has not done anything wrong. V. Adams said please come out because you know what's up & what they trying to do! Plaintiff stated they been messing with me so we gonna get this off our chest; I'll let them gas me so it can be over with. see C.I.T. Report Adams Defendant Tona is shaking his head any ways like I might as well get it over with. Then McCraine, J. Boatwright, & C. Cattnach come back to do a (organized use of Force) camera, chain for door, the big mace can for chemical agents to be utilized on Plaintiff. See All incident reports & camera. The First can of chemical agents is applied in (3) burst by unknown offical and L.T. McCraine authorized this; pursuant to F.S. 944.35 & sec. 33-602.210. Organized this for the sole purpose to cause or inflict pain to plaintiff. (Force is malicious and sadistic when no disciplinary rationale or penal purpose justifies it.) Minutes later Dice approaches plaintiff's back window off camera to tell Plaintiff that the Extraction Team is gonna be utilized so Plaintiff can be taught a lesson. see sally-port camera shows that he did go off camera outside. Then minutes later chemical agents is used a 2nd & 3rd Time inwhich Dice authorizes once & McCraine for some apparent reason. After this McCraine summons Nurse Jobst plaintiff agrees to be strip-search, so he can take a coldwater shower. Plaintiff is then searched by Cattnach and a John Doe while McCraine is over to the side. see UOF camera. Plaintiff places his clothing Blue Pants, Shirt & white's out to Cattnach — does the squat-cough-bend over cough-etc.etc. Only to be told it was not good enough do it again & spread your butt-cheeks. (The core inquiry for U.S. Const. amend. VIII excessive force claims is whether force was applied in good-faith effort to maintain discipline, or maliciously and sadistically for the very purpose of causing harm). If it was not good enough then why did Cattnach give Plaintiff his boxers shorts back. McCraine or Cattnach slams the Food-port saying that all (5) team member are about to be utilized if Plaintiff does not comply; Plaintiff was

shown to have complied! see UOF video as proof. Upon McCRAINE going to get the cell-extraction team; PlaintiFF tells the portable camera that he's complying to cuFF up. (Prison guards who observe the imposition of excessive force upon a prisoner at the hands of another guard but who take no steps to protect the prisoner violate U.S. Const. amend. VIII.) You will see & hear PlaintiFF announce he's willing to comply. Everyone informs PlaintiFF to lay-on-the-floor-on-your-mattress-because-they are trying to (Force The Team on You). McCRAINE, Dice, Tona, Richburg, Jones Cattnach, John Doe¹, John Doe², all march back up to PlaintiFFs cell. see all cameras. McCRAINE then ask PlaintiFF again is he gonna follow order & he states he already did. PlaintiFF lays on the mattress on the floor Facedown with his hands behind his head. (A supervisor must have participated or acquiesced in the constitutional violation of the prisoners to be held liable). McCRAINE and Dice then order personnel in the control-booth to (roll) open (G1211L). see camera. (being assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society) Once the door is open backwards the Extraction-Team Cattnach, Richburg, John Doe¹, John Doe² & Tona rush in PlaintiFF's cell with the plex-shield striking PlaintiFF with closed fist in his head, neck, back & all over. Supervisors Dice and McCRAINE are yelling stop resisting inmate Lee when in reality he was in a non-threatening position with his hands behind him. HandcuFF's are placed on PlaintiFF from the on-start while Cattnach and Richburg is punching plaintiFF in his head & neck. John Doe¹ is hitting PlaintiFF in his lower-back. Tona is hitting PlaintiFF spine, John Doe² is hitting PlaintiFF. All the while Dice and McCRAINE is trying to block the view of physical Force being done. Richburg then starts clawing PlaintiFF's left eye-ball, while Cattnach is clawing PlaintiFF's right eye-ball; chemical-agents is on the gloves they're wearing. Then, Richburg hits plaintiFF in his back leaving a handcuFF print on PlaintiFF left side of his back. See Diagram of Injury report; Nurse Jobst. Then Richburg hit's plaintiFF on his left side of head leave a gash; See Diagram of Injury report; hitting PlaintiFF in both his eye's while Cattnach is choking PlaintiFF bending

his neck at one point even stuck his fingers in (his) nose & covering his mouth. I don't know but I think Tona or someone else got in front of him. [I] took some hard blows in this incident/crime. Richburg gives Cattnach cuffs Cattnach hits him twice on his right of the back of his right ear area; see (UOF Diagram). Audio/video will hear Plaintiff screaming at the top of his lungs for them to stop the abuse. Richburg even (Kicks, Knees) Plaintiff all the while Handcuffed the entire time. Cattnach then trys to break Plaintiff's right thumb & finger they were snapped in half because you may hear Plaintiff yelling asking why are they trying to break his fingers; McCraine response's you need to cuff up then; In my mind I thought these people are sick [Misuse of Power]; [Conscious Indifference]. At one time someone even hit Plaintiff with a walkie-talkie. Can't say who because Plaintiff was really just trying to stay conscious due to the abuse he was receiving this is how most cell-extractions are being done at Santa Rosa C.I. Main Unit & Annex! It is undisputed that each member of that malicious cell-extraction team did not use Force to have Plaintiff exit cell; see incident report of all defendant(s). This incident of malicious and sadistically to inflict pain and harm and injury! Unnecessary, Improper, Cruel, & Excessive. Plaintiff was even hit in his left ear with the handcuffs; see Diagram of Injury For Use of Force. Defendants are yelling stop resisting as to this is a sick game to them. These are government officials doing they jobs as professional criminals working under the color of state law misusing they power abusing numerous inmate's and getting away with it. Then as to some unknown code they (McCraine & Dice) ask is he cuffed yet & they Extraction team unloads the abuse. At one point during all this the back man trys to pull-down Plaintiff's boxers from the back. Plaintiff knows others who have been assualted sexually with handcuffs, fingers & other objects. Then they make the cuffs tighter. Richburg and Cattnach then lifts Plaintiff to his feet blood is all over the wall & mattress. while exiting cell; someone yells

about how bad Plaintiff is injuried. (Audio & video of UOF as ~~proff~~ proof). Plaintiff's being forced to go to the shower an he's injuried so bad he's barely conscious. The jury will see how obvious this (wrongdoing) that their purposely doing while getting pleasure out of it for some sick-reason!!! see UOF camera evidence. Then before getting to the bottom step they shove plaintiff down the last 3 steps while he's shackled and almost falling on his face. Once in front of the shower McCraine authorizes for the enforcers/escorts to force Plaintiff to shower. This also being down w/o justication! Because plaintiff's boxers are took off outside the shower violating Plaintiff Privacy Act exposing his buttocks & gentials. See all cameras & reports; Force showers are suppost to be ~~[illegible]~~ considered disobeying a verbal order; but you will see from Plaintiff's D.R. History on this given date no Disciplinary Report was wrote or even considered. Richburg even touches Plaintiff buttock while taking off the boxer in violation of Ch. 33-602.210 use of Force. Then the shower door is open without a shield. Defendant Richburg squeezes Plaintiff left arm hard while he's under the water; even whispers sick racial words calling plaintiff a good-monkey & Plaintiff better not move wrong. See UOF camera. Then he's backed out the shower nude again and a hand is brushed against Plaintiff buttock. As Plaintiff turns to walk off he forces his right eye open seeing Jones grinning from the camera as to this being a sick-game. If Plaintiff trys to speak they all say stop being disorderly or stop causing a disturbance on the wing. This is how their being trained by superiors & covering up with false documents & records. After being escorted into the nurses station in the sally-port, while being treated for his ear, head & back & eye's by nurse! Plaintiff is told be McCraine to lay-down an he would not recieve a D.R. disciplinary report. See 33-601.301 - 3.14 (F.A.C.) Plaintiff says in a low voice asking them why they hit Plaintiff with handcuff's, Richburg responds thats what happens to inmates that don't cooperate. Nurse informs Plaintiff she (Jobst) needs to ~~glue~~ glue the inside of his ear together & he needs to

see the doctor up front in the medical Building. Nurse puts eye-water in both eye's. Honestly Plaintiff seen the concern & pity in this nurses eye's while treating Plaintiff. Richburg says it's count time an we can't move him so put him in to see the doctor later this week! That's not policy and procedure of 33-602.210 use of Force Et. Al. Proof. Plaintiff informs nurse that he was beaten by handcuff's and she needs to write a report. She nurse Jobst documented injurys so that's just as good as a report. Several times Plaintiff declared psyche emergency security making that call over the nurse sayinhave Plaintiff referred on a letter date; see (UOF report). Then Plaintiff is escorted into the sally-port where the camera gets a zoom-in-view of the blood pouring outta the Plaintiff's left ear & left side of his head. Plaintiff says let me ask yall now while camera can hear why did yall hit me with handcuffs only to be told stop being disruptive and disorderly. Hear & See Camera UOF. Then Plaintiff is escorted back into the dorm where you can see the long handcuff print on plaintiff back a few inches long. See Camera & Diagram of injury. You will see from the fixed wing cameras (John Doe unknown) drags Plaintiff's personal property on the steps all the way out the door instead of picking it up toting it properly damaging his legal-work in the process. Plaintiff is told to take a knee at the bottom of the steps. This is only them Dice, McCraine, Tona, Richburg, Cattnach, Jones, John Doe[1], John Doe[2] & Boatwright showing the other inmates that they have power to misuse an abuse us anytime, anywhere or any place they feel free. All (9) Tona, Richburg, Cattnach, Jones, John Doe[1], John Doe[2], McCraine, Dice, Boatwright failed to protect Plaintiff from this battery and assault with out proper authority or justification. See all documents (UOF, camera & I.G. reports) F.S. 944.35 (2017). Once back in his cell McCraine smiles real quick and walks off. Then as Jones and Lee are left alone Jones whispers that damn the fucked you up pretty bad. Blood is pouring out of Plaintiff's left ear so Plaintiff declares a medical emergency only to be told I'll bring the nurse back in a minute. Per. Ch. 33-602-210 Jones was suppost to observe Plaintiff

for at least 60 minutes to make sure he doesn't go under any physical distress etc. after the use of chemical agents. Jones may have stood watch for 20 minutes; check wing camera & time as proof. General Report. Nurse then does her single-dose (Jobst) bringing Plaintiff 15 packs of pain-pills. Ibuprofen for pain. Plaintiff then explains to the nurse of what occurred and advises her to report it to her boss. (She) Nurse Jobst explains that she's gonna do her part but its only so much that she can do. She even stated that she may be the only person that was in that room on my side. On Sept. 5th 2019 around 6:00am L.T. McCrane comes straight to Plaintiff's cell G1211L asking him is He okay & does he need her to get him anything. Plaintiff looked at her like she was crazy & did not say anything. That same night Tona stayed overtime while doing a round with L.T. Morgan he askes Plaintiff to show L.T. Morgan his eye's, ear, & back. L.T. Morgan responds yall did him in pretty good! Only for Tona to say I bet you will wff-up next time. On September 9th 2019 while Cattnach is coming into work Plaintiff would admit that yes he wrse Cattnach out calling him a pussy-boy & he's not no man b/c Plaintiff did not fight back. Cattnach then says that he still has Plaintiff's blood on his pants and boots. These Prison officals adverse actions were malicious and sadistically cruel. V. Adams follow-up on the UOF days later; only to admit that she didn't want them to do that to Plaintiff & he should of just went on strip for no reason because this is they world. Even trys to persuade plaintiff to get back on psyche medication to help him mentally and emotionally. In Response plaintiff tells her the whole store & how no mediation can cure what he went through; Physically, mentally and emotionally. Therefore, these actions & Events were done consciously to which all where aware of the laws, rules & procedures & Constitutional Rights being Violated. The focus of 42 U.S.C.S. 1983 is on the misuse of power, failure to intervene, excessive force, deliberate indifference & Due Process of Law & Equal Protection

of Law violation(s). Plaintiff order a X-ray of back & hand see doctor order. Plaintiff was given order for MOBIC for pain for 14 days. See order's doctor.

Plaintiff's Statement of Disputed Factual Issues

Defendants have moved for a demand for Jury Trial and summary Judgment on the Plaintiff's claim(s) concerning the use of Force excessive Force, conscious indifference, misuse of power, failure to protect, and deprivation of due process and deliberate indifference to his serious medical needs to his injurys, Equal protection w/o justiation. Pursuant to Local Rules of this court, and Rules of Fed. R. Civ. Proc. 56 (F), the Plaintiff submits the following list of genuine issues of "material" fact that require the denial of defendants motion to dismiss/summary judgment.

[Cruel & Unusual Punishment]: To state a 42 U.S.C.S. 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to a constitutional stature.

: Suit Against Richburg: According to the amended complaint, Defendant Richburg, rubbed chemical agents into Plaintiff' eye's & skin. Richburg use of Force report indicates that he was to the Plaintiff's left during the acts described see reports. Which would place him responsible for each injury alleged in Plaintiff's Complaint and summary judgment.

: Suit Against Cattnach: According to the Amended complaint, Defendant Cattnach, rubbed chemical agents into Plaintiff's other eye & skin. Cattnach use of Force report indicates that he was to the Plaintiff's right during the acts described see reports. Which would place him responsible for injurys alleged in Plaintiff's Complaint and

summary judgment.

: Suit Against Tona: According to the amended complaint Tona, not only used force but as well Intinated this illegal excessive force from the on start. Tona even admitted to using physical force in his reports with shows Tona was consciously aware and hid the truth as to what really transpired in that cell on September 4th 2019.

: Suit Against John Doe¹: According to the amended complaint John Doe¹; not only used force but as well intentionally used excessive force without proper justication. See Reports

: Suit Against John Doe²: According to the amended complaint John Doe²; not only used force but as well intentionally used excessive force without proper justication. See Reports

: Suit Against Dice, According to the amended complaint Dice; he directed these officals to use physical force w/o intervening or stopping the abuse; Prison officals can incur liability under 1983 when their abuse of power inflicts cruel and unusual punishment on prisoners. To determine whether physical abuse by prison guards constitutes an abuse of power, the court shall consider three factors: the amount of force exerted relative to the need for its application, the extent of the injury inflicted, and the motivation of the officers. See Report From Dice (UOF)

: Suit Against McCraine, According to the amended complaint, McCraine, she directed the chemical agent & cell-extraction team w/o intervening or stopping the abuse; Prison officals can inur liability under 1983 when their abuse of power inflicted cruel and unusual punishment on prisoners. To determine whether physical abuse by prison guards constitutes an abuse of power, the court shall consider three factors: the amount of force exerted relative to

the need for its application, the extent of the injury inflicted, and the motivation of the officers. See Reports of Incidents and witness statement(s)

Note: Plantiff was brought a witness statement on 9-10-19 violating the 72 hour rule of 33-602-210 use of force

& Suit Against C. Jones:

According to the amended complaint, Defendant C. Jones, could have intervened but failed to do, so. Admitted to witness See Report Incident

& Suit Against J. Boatwright:

According to the amended complaint, Defendant J. Boatwright, could have intervene but failed to do, so. Admitted to witness See Report Incident

**Bodily Injuries:** Defendants protest that injuries were not serious! Being hit in the head, ear, face & back with hand-restraints would hurt the strongest man. see Diagram of injury's and camera evidence! You will hear the torture Plaintiff went through.

Bodily Injury is not defined in this statute, however, several other federal criminal statutes defines that term as meaning "a cut, abrasion, bruise, burn or disfigurement, physical pain, illness, impairment, of a function of a bodily member, organ or mental faculty or any other injury to the body, no matter how temporary". See 18 U.S.C. § 831 (F)(5); accord, 18 U.S.C. § 1365 (H)(4), 18 U.S.C. § 1515 (A)(5), 18 U.S.C. § 1364 (d)(2).

The injuries sustained by the Plaintiff fall within the perview of these definitions, as he did from cuts, abrasions or bruises, physical pain, or any other injury to the body, no matter how temporary

it may been. Plaintiff is sure that no man, woman, or etc could endure being handcuffed, held down & severally beaten in the nature as he did. See UOF camera & diagram of injurys.

On or about September 10th 2019 regional director's came around and plaintiff showed a Mr. Hall his face, back, head & ear. L.T. McCraine & Major or Colonel Russinu was also present. I explained to him what happened & I pointed out how L.T. McCraine helped block the camera & I did not resist. Plaintiff even showed him the mattress with all Plaintiff's blood over it.

Plaintiff could tell that none of them was happy! Especially McCraine whom told Plaintiff to lay-down; Plaintiff's exact words; "what is you gunna do that yall aint already did to me".

The injuries sustained by the Plaintiff were and are not de minimus. When a nurse tells you that your ear needs to be glued closed & your eye's needs to be checked by doctor - then that falls under more than de minimus. Then Plaintiff's back (spine) is not any better to this very day. To say that one right is more important than another right where all are equal before the law, would open the Flood-gates of those who would try to empty the ocean of logic with a thombler in an attempt to pour it down a drain.

Defendant(s) assert that Plaintiff's injuries are de minimus, he is not entitled to compensatory and punitive damages. This assestion is False. Nurse stated Plaintiff was banged up pretty bad; that's coming from whom licensed to make judgments and opinions like that.

All (9) defendants purposely acted together (misuse of power & conscious indifference) with the intent of causing malicious and sadistic infliction of bodily harm.

It should be noted that these (9) officials, Tuna, Boatwright, McCraine, Rickaburg, Cattnach, John Doe[1], Jones, Dice, John Doe[2], admitted that all (5) cell-extraction team members did enter Plaintiff's cell to use physical and Forceful techneeks. See reports Indicent & Witness Statement.

In evaluating the relationship between the need for force and the force used, the Force alleged was disproportionate. As an initial matter, because Plaintiff is assumed to have submitted to authority, the need for force would have been non-existent at that point. More importantly, the use of handcuffs as brass knuckles to punch or otherwise strike inmates is, at least for the purposes of the pleading stage, disproportionate. See, eg., Johnston v. Lucas, 786 F. 2d 1254, 1256-57 (5th Cir. 1986) striking an inmate with handcuffs like brass-knuckles amounted to excessive Force during summary judgment); Drumgo v. Brown, 525 Fed. App'x 125, 127 (3rd Cir. 2013) (beating an inmate with handcuffs that were used like brass knuckles was enough to survive summary judgment on excessive force claim). See Laury v. Greenfield, 87 F. Supp. 2d 1210, 1216 (D. Kansas 2000) (hitting an inmate with handcuffs as if they were brass knuckles survives summary judgment on an excessive force claim); Wilson v Thomas, Report and Recommendation, Case No: 5:15 cv 193-WTH-CJK, 2017 U.S. Dist. Lexis 98440, 2017 WL 2771524, at *2 (N.D. FLA. Apr. 27, 2017) report and recommendation adopted, NO. 515 cv 00193 WTHCJK, 2017 U.S. Dist. Lexis 98342, 2017 WL 2766497 (N.D. FLA. June 26, 2017) (punching an inmate with handcuffs used as brass knuckles plausibly state an Eighth Amendment excessive Force claim at the pleading stage.)

There appears to have been no effort to temper a less severe response. In fact, assuming the allegations are true that both Richburg & Cattnach did go out of their way and duty as prison guards by hitting Plaintiff with handcuffs as brass-knuckles," Plaintiff has plausibly shown that this factor would strongly weigh in his favor as well.

As the last factor, which evaluates the extent of the threat to the safety of staff or inmates, as reasonably percieved by the responsible officals on the basis of facts known to them, the allegations do not indicate that Plaintiff was a threat during the time that Defendant(s) Richburg, Cattnach, Tona, John Doe[1] John Doe[2] applied Force. Consequently, Plaintiff has plausibly shown that this factor could be established as well.

Since there are geniune issues of material facts in dispute, defendant(s) Motion For Summary Judgment should be Denied, especially when Plaintiff asserts that it was completely unnecessary for any Force be used upon Plaintiff in the first place. See. Bee v. DeKalb Co., 679 F. Supp. 1107, 1109, 1113, (N.D. Ga. 1988)(allegation of unprovoked blow to the face creates a material factual issues as to excessive Force.)

In a cell extraction, a team of Five correctional officers entered an inmates cell and forcibly restrain and remove him. Thomas 2009 U.S. Dist. Lexis 1208, 2009 WL 64616, at * 2. Cell extraction used to be the F.D.O.C.'s primary method of gaining an inmates compliance with an order until 1999 when an inmate, Frank Valdes, died at Florida State Prison as a result of this practice, likely due to severly being beaten by guards.

Plaintiff is entitled to compensatory, punitive and nominal and/or Presumed Damages

Defendants claim that the Plaintiff fails to state a claim which would entitles him to any damages due to the fact that he fails to state a physical injury which is GREATER THAN de minimus and that Plaintiff request for damages from the Defendants must be dismissed pursuant to 42 U.S.C. § 1997e (e), which states:

"No Federal Civil Action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury".

Clearly shown on the Diagram of Injury Report and Emergency Room Report an the Order by the Doctor prescribing mobic For Pain in his back and hand etc. (compensatory damages under § 1983 may be award only based on "actual injuries" caused by the defendants and cannot be presumed or based on the abstract value of the const. rights that the defendants violated".

The physical injury requirement applies to a federal claim, including const. claims. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000).

Plaintiff has requested compensatory, punitive, and (mental and emotional) nominal damages from the defendants, and is entitled to the said relief based on the following facts:

1) Plaintiff has Filed this Federal Civil Action;

2) Plaintiff is a prisoner confined in prison or other correctional facility;

3) Plaintiff seeks damages for mental and emotional injury suffered while in custody;

4) Plaintiff has made a prior showing of "physical" injuries".

Defendant(s) then try to assert that while 42 U.S.C. § 1997(e)(e) does not define "physical injury," the 11th Circuit has held that to satisfy the statute, the physical injury must be more than minimal, but need not be significant, and went on to cite several case(s). It should be noted that although this may be the case, the meaning of physical injury might be clarified by 28 U.S.C. § 242, a fed. statute makes it a crime for someone acting under color of state law to deprive another person of federal civil rights, and requires a showing of [bodily injury] before someone who violates the statute can be sentenced to more than one year in prison.

Force is malicious and sadistic when no disciplinary rationale or penal purpose justifies it. A wanton and unnecessary infliction of harm for no legitimate purpose always violates U.S. Const. amend. VIII. However, a de minimus use of force does not qualify as "wanton and unnecessary" unless it is the sort repugnant to the conscience of mankind.

1. Whether the plaintiff broke a rule of the depart of corrections; disciplinary report & outcome needed as proof;

2. Whether the plaintiff offered any resistance to have property took away.

3. Whether the plaintiff allegedly quelled a disturbance. disciplinary report & outcome need as proof;

4. Whether the plaintiff refused to comply to decontainmanation shower when camera evidence shows he complied with orders.

5. Whether the injury's plaintiff substained during the use of force cause by being bent with handcuff's;

6. Was force used or applied in a good-faith effort to maintain and restore discipline, or maliciously and sadistically for the very purpose of causing harm.

7. Was the force used on plaintiff reasonable, justified, unnecessary, improper or excessive?

8. Whether did the defendants know that they was violating laws, rules, regulations and the U.S. Constitution!

Memorandum of Law

Federal Rules of Civil Procedure (56) Summary Judgment is to be granted only if the record before the court shows "that there is no geniune issue as to any material fact and that the moving party is entitled to be judgment as a matter of law". See Fed. R. Civ. Pro. 56 (c). A material fact is one that "might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248, 106 S.ct. 2505 (1986).

The declarations of the Plaintiff and the Defendants are squarely contradictory as to the set of circumstances leading up to the incident, what Force was used, when it was used, how it was used, and why it was used. The allegations in the Plaintiff's complaint portray a completely unprovoked and needless use of Force against an inmate whom was minding his own business and in compliance with the rules of the Florida Department of Corrections. The defendants, alleged that Plaintiff was quelling [a] disturbance! So there is no indication or any disciplinary report Plaintiff was never served or penalized from breaking any of the rules of Florida Administrative Code Ch. 33-601; 314. This is clearly a genuine issue of fact. [Subjective and Objective] Standard. The factual dispute is also material. Under the governing law, whether the use of force by prison officials violated the VIII Eighth Amend. depends on whether it was "applied in good-faith effort to maintain or re-store discipline or maliciously and sadistically to cause harm" Hudson v. McMillian, 503 U.S. 1, 5-6, 112 S.ct. 995 (1992); Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.ct. 1078 (1986). The Fact McCraine and Nurse Jobst both witnesses and announced on camera Plaintiff was willing to comply, to be strip-searched for cold-water shower after use of chemical agents was administored: Speaks volumes that there was no need to go any farther than it did! Camera evidence will show that Plaintiff followed the order to strip outta all his clothing. utilized Force by the cell-extraction Team was not necessary. A reasonable jury could find in favor that Plaintiff based his facts on video evidence & the lack of no disciplinary report was served & he was not penalized by Hearing Team. His complaint goes more in the direction of the truth in his complaint and declaration and summary judgment must therefore be denied. See, (Anderson v. Liberty Lobby, Inc.) supra. For the defendants being state/government officials goes to show that they organized this crime misuse of power, conscious indifference, deliberate indifference to a serious medical need, deprivation of property, Due Process of Law,

Due to the fact their actions (defendants) were unprovoked and completely unnecessary goes to show that they (Prison guards who observe the imposition of excessive Force upon a prisoner at the hands of another guard but who takes no step to protect the prisoner violates U.S. Const. amend. VIII. See Laury v. Greenfield, 87. F. Supp. 2d 1210; 2000 U.S. Dist. Lexis 2977 case No: 98-3024-JWL

A prison offical acts unconstitutionally by beating a prisoner for no legitimate reason, regardless of the extent of injury the prisoner suffers.

A de minimus use of force is not actionable, but a substantial use of unnecessary force for the purpose of inflicting pain, not for a legitmate reason, is actionable even when it results in only de minimus injury. See Wilkins v. Gaddy, 559 U.S. 34, 38, 130 S.ct. 1175, 175 L. Ed. 2d 995 (2010); Hudson v. McMillian, 503 U.S. 1, 7, 112 S.ct. 995, 117, L.Ed. 2d 156 (1992).

Excessive Force " The use of excessive Force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment. Hudson v. Millian; supra. In determining whether the force used was excessive, the inquiry is "whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm". Id - 7; Whitley v. Albers, supra. To prevail on an excessive Force claim against a prisoner offical, an inmate must establish both a (subjective and objective component. Id Johnson v. Moody, 206 F. App'x 880, 883 (11th Cir. 2006). The subjective component requires proof that the prison officals acted "with a sufficiently, culpable state of mind." The objective component requires proof that " the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.

Failure To Intervene " IF [an] officer, whether supervisiory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his/her presence, the

officers is directly liable under section 1983" Ensley v Soper, 142 F. 3d, 1402, 1407 (11th Cir. 1998)(relying upon Byrd v. Clark, 783 F. 2d 1002, 1007 (11th Cir. 1986).

In order to be liable for failing to intervene when others are committing constitutional violations, an officer must be "in a position" to intervene. Ensley supra. Aside from being in a position to intervene, there must be a failure to take "reasonable steps to protect" the victim from another's excessive force. Fundiller v. City of Cooper City, 777 F. 2d 1436, 1442 (11th Cir. 1985).

Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitousll beaten by guards does not lose his ability to pursue an excessive force claim merely cause he has the good fortune to escape without serious injury. Wilkins, 559 U.S. 37-38.

Deliberate Indifference "If prison officials know that conditions are "objectively cruel" and fail to act to remedy them, they are deliberate indifferent.

Deprivation of Property," Several federal courts have found that forcing a pretrial detainee to sleep without a mattress, or on the floor on a mattress, for even a short period of time, constitutes a violation of the Fourteenth Amend. See e.g.; Thomas v. Los Angeles, 885 F. 2d 1439, 1449 (9th Cir. 1989). (valid Fourteenth Amendment claim where pre-trial detainee forced to sleep on the floor for two nights); Lyons v. Powell, 838 F. 2d 28 (1st Cir. 1988). (Pretrial detainee allegation that he was forced to sleep on floor mattress sufficient condition to show deprivation of due process); Anela v. Wildwood, 790 F. 2d 1063, 1067 (3rd Cir. 1986)

Serious Medical Need "[A] serious medical need is one that has been diagnosed by a physician as mandated treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" Hill v. DeKalb Regional Youth Detention Center, 40 F. 3d 1176, 1187 (1994)(citations omitted), overruled in part on other grounds, Hope v. Pelzer, 536 U.S. 730, 739 n. 9, 122 S.Ct. 2508, 153 L. Ed. 2d 666 (2002).

Just as nominal damages are allowed without proof of injury 'a punitive award may stand in the absense of actual damage where there has been a constitutional violation.) According, Walker v. Bain, 257 F. 3d 660, 674 (6th Cir. 2001); Robinson v. Cattaraugus County, 147 F.3d 153, 161 (2nd Cir. 1998); Thus, even if the court decides that Plaintiff is not entitled to compensatory damages, he still is entitled to punitive damages as a matter of law.

And since Plaintiff used the language requesting "further relief is as the court deems just and proper", Plaintiff is also entitled to nominal damages, which is conceded at the top of Plaintiff's complaint for each defendant jointly and severally. Having conceded on this point alone requires that the defendants motion be denied in and of itself; as Plaintiff cannot recieve nominal damages if the motion is granted on behalf of the defendants; and if it were granted, it would constitute a manifest of injustice.

In Conclusion of the:

Based on the fact that there are geniune issues of material facts that need to be decided by a jury and that the injuries substained by the Plaintiff were not de minimus, as the actions of the defendants were unnecessary, improper and excessive; thus, entitling Plaintiff to compensatory and presumed damages, as well as punitive and nominal

damages the defendant(s) Motion For Summary Judgment should be denied, especially when the violation of a constitutional right as (described & can be proved) is not de minimus.

Wherefore, for the foregoing reasons, arguments, and authorities, the Plaintiff respectfully moves, prays, and request this Honorable Court enter an order Denying Defendants Motion For Summary Judgment.

Respectfully Submitted,

Robert S. Lee

Robert Sinclair Lee # T15204
Plaintiff, PRO SE
Santa Rosa Correctional Inst.
5850 East Milton Road
Milton, FLA. 32583-7914

# Verification

I, Robert S. Lee, have read the foregoing complaint and hereby verify that the matter alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. I ~~certify~~ certify under penalty of perjury that the foregoing is true and correct.

I further understand form information and belief that under the holdings in Wilson v. Silcox, 151 F. Supp. 2d 1345 (N.D. FLA. 2001). the asserted allegations of [illegible] precludes or prevents summary judgments and mandates trial by jury.

Executed at Santa Rosa Correction Inst. Milton, FLA on this 2ND day of March, 2021

/s/ Robert S. Lee
Signature of Robert Lee
sub nomine

I declare under Penalty and Perjury that the foregoing answers to the questions in this action as presented are true and correct.

Signed this 2ND day of March, 2021.

/s/ Robert S. Lee
Signature of Plaintiff

Index

cover page (Summary Judgment) p.1
Procedural History p.2
Statement of Material Facts p2 - p.3 - p.9
Plaintiff's Statement of Disputed Factual Issues p.9 - p.14
Plaintiff is entitled to compensatory, punitive and nominal and/or Presumed Damages p.14 - p.16
memorandum of Law p.16 - p20
Conclusion p. 20 - p. 21
Verifications p. 22
Certificate of Service p. 23
~~Index~~ p. 24

Exhibits

(Ex. A) Sworn Affidavit (Johnny hill) # J33728 1 of 3 pages
(Ex. B-C-D) Sworn Statement (Lee Robert #T15204 1 of 3
(Ex. E) Sick-call slip 9-6-19 1
(Ex. F) Sick-call slip 9-8-19 1
(Ex. G) Sick-call slip 9-22-19 1
3 pgs.
(Ex. H) Informal grievance Inspector 1 page
(Ex. I) X-ray (never was security) risk 1 page
(Ex. J) Informal grievance mobic pain med's 1 page
(Ex. K) X-rays Back & Right hand 2 pages
(Ex. L) Property Slip 9-4-19 return 9-7-19 1 page
(Ex. M) Florida Administrative Code 33-601.301 thru 33-601.314
(Ex. N) (F.A.C.) 33-602-210 Use Of Force
(Ex. O) Florida Stat. 944.35 Authoritization of Use OF Force
(Ex. P) Inmate Property 33-602.201
(Ex. Q) Grievance 1909-119-069 Formal Denied 24 hours
(Ex. R) Grievance 19-6-33971 Appeal Denied
(Ex. S) Grievance 1909-119-186 Approved Grievance
(Ex. T) Toun, Richburg, Cattnach, C. Williams, Dice, McCraine, C. Jones, Boatwright, Major Oaks Incident Reports 24
(Ex. U) Use of Force Video/Audio Sept. 4th 2019

Robert S. Lee # T15204
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, FLA. 32583

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

Legal M

U.S. POSTAGE PITNEY BOWES
ZIP 32583
02 4W
0000368416 MAR 03 202
$ 001.80

RECEIVED MAR 05 2020

United States District Court
1 Northern Palafox Street
Pensacola, FLA. 32502

LEGAL MAIL ONLY