PROVIDED TO
SANTA ROSA C.I. ON

AUG 12 2021
RSL
FOR MAILING BY

United States District Court
Northern District Court of Florida
Pensacola Division

Robert Sinclair Lee,          Civil Case No. 3:20-cv-5462-MCR-HTC
DC#T15204,
Plaintiff,                    Second Amended Motion For
                              Summary Judgment

V.

Lieutenant Tyler McCraine Et. AL.
Defendant (s).

## Second Amended
## Motion For Summary Judgment

Pursuant to Rule 56, Fed. R. Civ. P., plaintiff Robert Sinclair Lee requests this court to grant him summary judgment as to the liability of Defendants, T. McCraine, Dice, D., Boatwright J., C. Jones, G. Richburg, M. Towns & C. Cattnach for damages for Excessive Force, Failure to Protect, Misuse of Power, denial of due process of law. The reasons therefor are set forth in the plaintiff's declaration and brief in support of this motion.

## Declaration in support of Plaintiff's Motion For Partial
## Summary Judgment

Robert Lee states;

1. I am the Plaintiff in this case. The complaint alleges that I was battered & assaulted by prison staff, maliciously and sadistically to cause harm, without penological justification or a penal purpose in accordance with due process of law. I submit this declaration in support of my motion for partial summary judgment on my claim(s) of Excessive Force, Failure to Protect, Misuse of Power, denial of Due Process of law.

2. I am an inmate at Santa Rosa Correctional Institution. On

#1

September 4, 2019, I was battered and assaulted by prison staff, as set forth in my complaint at paragraphs 1-47.

3. As a result of September 4, 2019, incident, I was not served a disciplinary report as to why Force was utilized by officials.

4. I suffered brutal injuries by the hands of ███ C. Cattnach, Tona. M., Richburg G., Pursuant to the institutional policy and procedures, Defendants used force as punishment.

5. After Force was used T. Mclraine Authorized a Force shower where that was done without proper justification. No disciplinary report was written violating Plaintiff's due process of law.

6. Plaintiff suffered a tore left ear, handcuff prints on left side of back, lacerations to head area, behind right ear scraps, bruises on shoulder, swollen black left & right eyes. Exh.

7. The usual practice in prison for cell-extraction officials are trained to use minimum force. I base this statement on video and Incident Reports. Excessive Force was used illegally, maliciously and sadistically to cause harm. Exh. Video's "UOF"

8. The Incident Reports all stated that a disciplinary report was written. There appears to be a mistake. Plaintiff never was served or found guilty, A copy of the Reports are attached.

9. The Incident Reports stated I refused a verbal order, but, there's no proof of Plaintiff being found "Guilty as charged based on staff statement", and recieving punishment. Exh. I.R. 1-12

10. Consistently with institutional grievance procedure, I filed an administartive appeal with the Warden W. Clemmons, pointing on the illegal acts and omission in this cell-extraction, the lack of disciplinary report violates Plaintiff VIII amends. of the US Const. CRUEL AND USUAL PUNISHMENT. Grievance was denied the same day it was recieved. Copy of Grievance Attached Exhibit 13-14

11. For the reasons stated in the brief submitted with motion,

#2

these undisputed facts established that Defendants misused power, by utilizing Excessive force, Failure to Protect, denial of Due Process of law. Defendants are Richburg, Town, T. McCraine, D. Dice, C. Jones, J. Bontwright & C. Cathrach. Accordingly, I am entitled to summary judgment on each claim against defendants.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 8-12-2021
Name: Robert Sinchie Lee


<u>STATEMENT OF UNDISPUTED FACTS</u>

Pursuant to Local Rules of this Court's Civil Rules, the plaintiff submits the following list of undisputed facts that entitle him to partial summary judgment on his Excessive Force and due process of law, Failure to protect, and Misuse of Power claim.

1. The Plaintiff was approached by Defendants T. McCraine and M. Town to be placed on property restriction (no reason was given)

2. The Plaintiff was then C.I.T. by psych counselor V. Adams with Town & McCraine present. V. Adams told Plaintiff you know what they're trying to do.

3. V. Adams C.I.T. Report stated that plaintiff cell was not in compliance. <u>See</u> Reports C.I.T. V. Adams

4. The incident Reports stated Plaintiff was quelling a disturbance on the wing. <u>See</u> Incident Reports Et. Al.

5. The Plaintiff was never found guilty of any rules of Florida Administrative Code (F.A.C.) 33-601.301-314.

6. The Plaintiff alleges that the physical injurys he sustain were more than de minimus. Diagram of Injury <u>See</u> Nurse K. J. bist. Exhibit  <u>See</u> Video Use of Force.      #3

7. The plaintiff was ordered by a doctor to take medication for injuries. <u>See</u> Medical File & X-Rays

8. During the use of Force plaintiff had both his eyeballs clawed out with chemical agents & 2 of the defendants Richburg & Cattwach deliberately done this act.

9. Plaintiff was advise by T. McCraine if he laid down he would not get wrote up for any violations of the institution. <u>D.R. WORKSHEET PLAINTIFF,</u>

10. Both the administrative appeal & appeal to the use of Force Unit (central office) was both denied.

11. Inspector General OFFice justified force as being utilized minimums Force. <u>See</u> Inspector General Reports

12. Inspector General OFFice stated that plaintiff did not have his mattress on floor. <u>See</u> video mattress seen on the floor.

13. In the answer to the interrogatories McCraine said that she did not see any paper outside no other inmates doors. <u>See</u> all videos. 9-4-19 Gulf wing 2.

14. McCraine told that plaintiff did not submit to the strip-search! See video clothing thrown directly in front of her feet. <u>Answer Interrogatories McCraine</u>

15. The plaintiff is presently serving a life sentence in state person.


DATE: August   2021
Robert Sinclair Lee #T15204
SANTA ROSA correctional Inst.
5850 East Milton Road
Milton, FLA. 32583-7914

# 4

Brief in Support of Plaintiff's Motion For Partial Summary Judgment.

## STATEMENT OF THE CASE

This is a §1983 action filed by a prisoner at Santa Rosa Correctional Institution seeking damages, a ~~declaration~~ declaratory judgment, based on the use of excessive force, misuse of power, failure to protect, the denial of due process. In this motion the plaintiff seeks summary judgment on his claims arising from these claims.

## STATEMENT OF FACTS

As set forth in the ~~accomp~~ accompanying declaration of the plaintiff, Robert Lee, he was severally beaten by the hands of officials in a unjustified use of Force. Force was illegal because no disciplinary report was written. Officials Richburg & Towa & Cattonah used closed fist & handrestraints to abuse Plaintiff. Incident Reports all said that a disciplinary report was wrote'. McCraine stated that the D.R. was never processed.

## Argument Point 1
## Excessive Force Done By Defendants w/o Disciplinary Report

When prison officials use force without any disciplinary rationale Force is malicious and sadiscally to cause harm without proper or a penal purpose justication.
Pee Policy * Force can not be used as punishment. Plaintiff has asked at least 50 officers that if Force is used on a inmate what are the proper procedures? Incident Report from witnesses, persons involved. By not following this policy, rule or regulation it becomes CRUEL AND UNUSUAL PUNISHMENT also officials are subjected to misuse of power because they're acting under

#5

the color of state law of the employement from the government.

A. Dice statement/answer interrogatories where;
Dice stated that Force can not be use as punishment

But he over-heard McCrasine tell Plaintiff to
lay down he would not recieve a Disciplinary Report
while inside medical room.

Therefore, amounts to Excessive Force, Delibrate Indifference,
conscious indifference, misuse of power, denial of
due process.

B. The Failure to Serve and Found Plaintiff guilty
is a denial of Due Process

Each defendants Incident Report had that a disciplinary
report was written & Attached to the report.
<u>See</u> Incident Reports Exhibits

## <u>Point II</u> Defendants Dice, McCrasine, Boatwright and
Jones : Failed to protect Plaintiff from Excessive Force

A. Each defendant admits to be present and in a position
to have witnessed this use of Force ; <u>see</u> Incident
Reports , video, Inspector General Reports . (noting that an
offical may be held liable for failure to supervise and
control subordinates even though the offical was not directly
involved in the specific incident of misconduct.)

This is a case where these officals had jobs to forefill
and they did not uphold the guarantees of the policy of
F.D.O.C. CARE, CUSTODY & CONTROL

Pg #6

and Failure to do so was "so likely to result in the violation of the inmates constitutional rights" as to establish deliberate indifference on their parts.

Deliberate Indifference when or by supervisory officals to inmates constitutional rights is sufficient to establish liability under 42 U.S.C. § 1983. Jett v. Penner, 439 F.3d 1091, 1098. (9th Cir. 2006)

<u>Conclusion</u>

For the foregoing reasons, this court should grant partial summary judgment on liability to the plaintiff on his due process claims, Excessive Force claim, deliberate indifference, Failure to protect, misuse of power. The amount of damages due to plaintiff must be determined by jury trial. Patterson v. Coughlin, 905 F.2d 564, 570 (2d Cir. 1990).

Date: August 10, 2021

Respectfully Submitted,
Robert Sinclair Lee
SANTA ROSA CORRECTIONAL Inst.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 8-12-2021
Name: Robert Sinclair Lee #715204

Pg. #7

## Memorandum of Law For Summary Judgment

Federal Rules of Civil Procedure 56 Summary Judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material Fact and that the moving party is entitled to the judgment as a matter of law". See Fed. R. Civ. Proc. 56(c). A material Fact is one that "might affect the outcome of the suit under the governing law. Anderson v Liberty Lobby Inc. 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

The declarations of the Plaintiff and the Defendants affirmative defense & incident reports are squarely contradictory as to the set of circumstances leading up to the incident, what Force was used, when it was used, how it was used, and why it was used. See All Reports The defendants(s) all wrote in their report that Plaintiff was quelling a disturbance! So if 9 officials wrote the same thing to justify their actions, then one of them should have wrote Plaintiff a disciplinary report in accordance Ch. 33-601.313 rule violations of the Department of Corrections, & Ch. 33-601.314

Major Bradley OKs the designee whom authorized the use of Force & trains all staff to make sure they write incident reports, disciplinary reports when Force is used & to cover their tracks ¿.

This clearly being a genuine issue of Fact, Dice approaches Plaintiff's back window; making statement that he had orders from up Front to teach Plaintiff a lesson! Then moments later the cell-extraction FORCED on Plaintiff.

The factual dispute is also, MATERIAL, under the governing law, whether the use of Force by prison officials violated the VIII Eighth Amend. depends on whether it was "applied in good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 5-6, 112 S.Ct. 995 (1992); Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986). McCraine and Nurse Jobst announced that Plaintiff was complying — so? pg #8

The declarations of the Plaintiff and the Defendants are squarely contradictory as to the set of circumstances leading up to the incident, **what** Force was used, **when** it was used, **how** it was used, and **why** it was used. The Allegations in the Plaintiff's complaint portray a completely unprovoked and needless use of Force against an inmate whom was minding his own business and in compliance with the rules of the Florida Department of Corrections. The defendants, alleged that Plaintiff was quelling [a] disturbance'. So there is no indication or any disciplinary report Plaintiff was never served or penalized from breaking any of the rules of Florida Administrative Code Ch. 33-601; 314. This is clearly a genuine issue of fact. [Subjective and Objective] Standard, The factual dispute is also material, Under the governing law, whether the use of force by prison officials violated the VIII Eighth Amend. depends on whether it was "applied in good-faith effort to maintain or re-store discipline or maliciously and sadistic- ally to cause harm." _Hudson v. McMillian_, 503 U.S. 1, 5-6, 112 S.ct. 995 (1992); _Whitley v. Albers_, 475 U.S. 312, 320-21, 106 S.ct. 1078 (1986). The Fact McCraine and Nurse Jöbst both witnesses and announced on camera Plaintiff was willing to comply, to be strip- searched for cold-water shower after use of chemical agents was administered'. Speaks volumes that there was no need to go any farther than it did'. Camera evidence will show that Plaintiff followed the order to strip outta all his clothing. Utilized Force by the cell- extraction Team was not necessary. A reasonable jury could find in favor that Plaintiff based his facts on video evidence & the lack of no disciplinary report was served & he was not penalized by Hearing Team. His complaint goes more in the direction of the truth in his complaint and **declaration** and summary judgment must there- fore be denied. _See_, (Anderson v. Liberty Lobby, Inc.) supra. For the defendants being state/government officials goes to show that they organized this crime misuse of power, conscious indifference, deliberate indifference to a serious medical need, deprivation of property, Due Process of Law,

pg# 9

In evaluating the relationship between the need for force and the force used, the force alleged was disproportionate. As an initial matter, because Plaintiff is assumed to have submitted to authority, the need for force would have been non-existent at that point. More importantly, the use of handcuffs as brass knuckles to punch or otherwise strike inmates is, at least for the purposes of the pleading stage, disproportionate. See, e.g., Johnston v. Lucas, 786 F. 2d 1254, 1256-57 (5th Cir. 1986) striking an inmate with handcuffs like brass-knuckles amounted to excessive force during summary judgment); Drumgo v. Brown, 525 Fed. App'x 125, 127 (3rd Cir. 2013)(beating an inmate with handcuffs that were used like brass knuckles was enough to survive summary judgment as excessive force claim). See Laury v. Greenfield, 87 F. Supp. 2d 1210, 1216 (D. Kansas 2000)(hitting an inmate with handcuffs as if they were brass knuckles survives summary judgment on an excessive force claim); Wilson v Thomas, Report and Recommendation, Case No. 5:15 cv 193-WTH-CJK, 2017 U.S. Dist. Lexis 98440, 2017 WL 2771524, at *2 (N.D. FLA. Apr. 27, 2017) report and recommendation adopted, No. 515 cv00193 WTHcJK, 2017 U.S. Dist. Lexis 98342, 2017 WL 2766447 (N.D. FLA. June 26, 2017)(punching an inmate with handcuffs used as brass knuckles plausibly state an Eighth Amendment excessive force claim at the pleading stage.)

There appears to have been no effort to temper a less severe response. In fact, assuming the allegations are true that both Richburg & Cattnach did go out of their way and duty as prison guards by hitting Plaintiff with handcuffs as brass-knuckles, Plaintiff has plausibly shown that this factor would strongly weigh in his favor as well.

As the last factor, which evaluates the extent of the threat to the safety of staff or inmates, as reasonably percieved by the responsible officials on the basis of facts known to them, the allegations do not indicate that Plaintiff was a threat during the time that Defendant(s) Richburg, Cattnach, Tona, John Doe' John Doe² applied force. Consequently, Plaintiff has plausibly shown that this factor would be established as well.

pg #10

**D. Punitive Damages Claim**

Plaintiff also seeks punitive damages against all named Defendants. "[A] jury may be permitted to assess punitive damages in an action under 1983 when the defendants conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56, 103 S.ct. 1625, 75 L. Ed. 2d 632 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award,... its intent standard, at a minimum, required recklessness in its subjective form." Kolstad v. American Dental Ass'n, 527 U.S. 346, 118 S. ct. 2118, 144 L. Ed. 2d 494 (1999). Smith, 461 US. at 45-48 (quoting Philadelphia, W. & B. R. co v. Quigley, 62 U.S. 202, 214, 16 L. Ed. 73 (1858). At this early juncture it cannot be determined whether punitive damages should be awarded against the named Defendants arising from the beating Plaintiff recieved which forms the basis of this 1983 action. It is therefore recommended that the Plaintiff's claim for punitive damages proceed as to Defendants Richburg, Cattanach, Iona, Dice, McCraine, Boatwright, & Jones in their individual capacity.

**D.(2)(1).** In Plaintiff's 42 U.S.C.S. 1983 action, plaintiff a prisoner had alleged facts sufficient to support excessive force claim against defendant officers, as facts allowed implication that harm was imposed unnecessarily and with no legitimate purpose.

Having conceded on this point alone requires that the Defendants motion be denied in and of itself; as Plaintiff cannot recieve nominal damages if the motion of defendants is granted; and if it were granted, it would constitute a manifest injustice. And, since Plaintiff used language requesting "further relief as the court deems just and proper", Plaintiff is also entitled punitive and compensatory damages.

<u>In Conclusion</u>

Based on the fact that there are genuine issues of material facts that need to be decided by a jury and that the injuries sustained by the Plaintiff were not de minimus, as the actions of the defendants were unnecessary and unprovoked; thus entitles Plaintiff to compensatory and presumed damages, as well as punitive and nominal damages the Defendants Motion for Summary Judgment should be denied especially when the violation(s) of Plaintiff's constitutional rights are not de minimus.

Wherefore, the foregoing reasons, arguments and authorites, the Plaintiff respectfully moves, prays and request this Honorable court enter an order Denying Defendants Motion For Summary Judgment.

<u>Certificate of Service</u>

I Hereby Certify, that a true and correct copy of the foregoing, Summary Judgment, has been placed in the hands of a Florida Department of Corrections Official for mailing via U.S. Mail to: <u>U.S. District Court, Northern District Court, 1 North PalaFox Street, Pensacola, Florida 32501</u>
2) <u>Attorney General Office, Lindsey Miller-Hailey, PL-01 The Capitol Building, Tallahassee, FLA. 32399-1050</u> on this <u>12</u>, <u>August</u>, 2021.

(S) <u>Robert S. Lee #T15204</u>
Robert S. Lee
DC#T15204   Dorm C2R2
SANTA ROSA C.I.
5850 E Milton Rd.
Milton, Florida 32583

PROVIDED TO
SANTA ROSA C.I. ON

AUG 12 2021

FOR MAILING BY

Re: Cover Sheet / Summary Judgment
Robert Sinclair Lee #715204 v. Tyler McCraine Et. Al.
CASE NO. 3:20-cv-5462-MCR-HTC

## Evidence in Complaint

Exhibit .(Z-8)   Emergency Room Record   K. Jobst
Plaintiff Injuries   Use of Force

Exhibit — USE OF Force (VIDEO's & WING VIDEO's)
   Gulf Dorm wing 2

Exhibits — USE OF Force Incident Reports Et. Al.
(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   A,B,C,D,E,F,G,H,I, )

Exhibits — Interrogatories (Dice and McCraines)
Answers   (Exh. I & J )

Exhibit — Formal Grievance Dunied the same day
   Exhausted Remedy's   (Ex-A-1)

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**ROBERT SINCLAIR LEE**
**DC# T15204,**
**Plaintiff,**

**v.**                                          **CASE NO. 3:20-cv-5462-MCR-HTC**

**LT. TYLER MCCRAINE, et al.,**
**Defendants.**

_____/

## DEFENDANT MCCRANIE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendant MCCRANIE (hereinafter "Defendant") through undersigned counsel, responds to "Plaintiff's First Set of Interrogatories to Defendants"[1] dated March 24, 2021 as follows:

1. On September 4th 2019 you conducted a chemical agents on the Plaintiff?

a.    I was the supervisor during the use of force incident on September 4, 2019.

2. You had just move up to Lieutenant not even 45 days prior to this incident? Which means you did not have experience in this, correct?

a.    Objection, irrelevant. This case pertains to the Plaintiff's Eighth Amendment claims relating to the use of force incident on September 4, 2019.   This

---

[1] Any grammatical or spelling errors contained herein have been reproduced from the Plaintiff's original discovery request.

1

Ex. I

interrogatory seeks information pertaining to events beyond the scope of this case.  Other incidents beyond those that occurred on September 4, 2019, or subsequent thereto, are not pertinent to an excessive force claim.  The interrogatory seeks information beyond the claim in the case, which is not admissible pursuant to rules 401 and 404, Federal Rules of Evidence ("FRE"). See Segura v. City of Reno, 116 F.R.D. 42, 44 (D.Nev. 1987); see, e.g., United States v. Chavez, 204 F.3d 1305, 1316-17 (11th Cir. 2000) (attempt to admit evidence of prior assaults on defendant's wife under FRE 404(b) inadmissible in trial for same offense under FRE 401, because the prior assaults did not relate to the issues at trial or the defendant's defense); Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479-J-33MCR, 2006 WL 2868923, at *1-*2 (M.D.Fla. Oct. 6, 2006) (unpublished order).

3.  Before that you was the property Sgt. at the institution?

a.    See Response #2.

4.  Tona summoned you to join him to place Plaintiff on property restriction?

a.    I was called regarding a partial property restriction and a cell search.

5.  Did he say why?

a.    I do not recall what he said, but the reason was because the inmate's room was in disarray.

6.  Tona was assigned to E-dorm that day?

a.      I believe he was present in the dorm assisting with another incident.

7. Is it normal for a officer to leave there [sic] post and go to another dorm to put a inmate on property restriction?

a.      It is normal for additional staff to respond to an incident in another dorm if more staff is needed.

8. A lot of inmates where [sic] throw trash out of there [sic] cells that day, correct?

a.      I do not recall seeing other inmates throwing trash out of their cells.

9. Why or what did Plaintiff do to be placed on property restriction?

a.      My recollection of the events of September 4, 2019 are contained in my incident report for the use of force on that date.

10. Is it true that you was not down w/what took place that day that you seen happen to Plaintiff?

a.      Objection; Defendant objects to this interrogatory as containing a improper characterization. Instead of merely asking a question, the Plaintiff added an improper characterization as follows: "Is it true you was not down w/what took place that day..."

11. The next day around 6:00 am or 7:00 am you came directly to Plaintiff's cell to see if he was okay?

a.      I recall doing my dormitory Lieutenant rounds, but I did not go specifically to

3

check on Inmate Lee.

12. Do you recall directing or ordering any of the staff to write Plaintiff a disciplinary report?

a.      A disciplinary report was written for Inmate Lee for disobeying a verbal order, but it was not processed.

13. Did you know that per chapter 33-602-210 use of force, that you should have wrote plaintiff a disciplinary report, if he refused to shower after being exposed to chemical agents?

a.      That policy states that the inmate is to receive a shower within 20 minutes of the last application of chemical agents.

14. Who was the designee or Warden whom directed you to use chemical agents on Plaintiff?

a.      Major B. Oakes.

15. Is it true that one 9-9-19 or 9-10-19 you had to finish up the reports of this incident? 19-15999 which should have been in 24 hours?

a.      No.

16. Where was Plaintiff when the door got rolled to utilized force?

a.      I do not recall.

17. Did you block the camera & the door way? And why?

4

a.    <u>No.</u>

18. Did the Plaintiff announce to the camera that he was gonna [sic] lay on the floor with his hands behind him?

a.    <u>I do not recall hearing that.</u>

19. Did you witness Plaintiff comply by placing his clothing on the food-port?

a.    <u>I do not recall.</u>

20. So once Plaintiff gave up his clothing [shirt, pants, & boxers] how did he get his boxers back?

a.    <u>Inmate Lee refused to remove his boxers and submit to an unclothed search as ordered.</u>

21. You announced to the camera that the camera that Plaintiff is willing to comply; in front of Nurse Jobst? Correct?

a.    <u>I announced that Inmate Lee stated he was going to comply. Inmate Lee then refused to comply with all orders by refusing to submit to an unclothed search.</u>

22. Did Dice inform you of what he told Plaintiff at the back window? About teaching Plaintiff a lesson?

a.    <u>No.</u>

23. Plaintiff put his hands out the flap to comply, why didn't you instruct C. Cattnach to cuff him up?

a.    Because Inmate Lee had not completed the unclothed search as ordered.

24. How did Plaintiff get handcuff prints in those places on his body & in the nurses

report?

a.    Objection; Plaintiff has exceeded the number of interrogatories and subparts

      which can be asked of a defendant without leave of the court, or

      stipulation.Fed. R. Civ. P. 33

25. Was there any conversation between staff & Plaintiff while he was being tried for

his injurys?

a.    Objection; Plaintiff has exceeded the number of interrogatories and subparts

      which can be asked of a defendant without leave of the court, or

      stipulation.Fed. R. Civ. P. 33

Pursuant to 28 U.S.C. § 1746, I declare under penalties of perjury that I have read the
foregoing the Answers to the First Set of Interrogatories within the *"Defendant
Mccranie's Objections And Responses To Plaintiff's Interrogatories,"* which is in
response to said interrogatories served by Plaintiff for the Defendant, and confirm that
the Answers stated herein are true and correct.

**Tyler McCranie**          **date**

**Declarant**

Respectfully submitted,

6

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee,Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Lindsey L. Miller-Hailey
Lindsey L. Miller-Hailey
Assistant Attorney General
Florida Bar No. 121410
Lindsey.millerhailey@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant*

*Mccranie's Objections And Responses To Plaintiff's Interrogatories* was furnished by

U.S. Mail to: Robert Sinclair Lee DC# T15204, Santa Rosa Correctional Institution,

5850 East Milton Rd., Milton, FL 32583, on May 21, 2021.

/s/Lindsey L. Miller-Hailey
Lindsey L. Miller-Hailey

7

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

ROBERT SINCLAIR LEE

DC# T15204,

**Plaintiff,**

v.                                          CASE NO. 3:20-cv-5462-MCR-HTC

LT. TYLER MCCRAINE, et al.,

**Defendants.**

_____/

## DEFENDANT DICE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendant DICE (hereinafter "Defendant") through undersigned counsel, responds to "Plaintiff's First Set of Interrogatories to Defendants"[1] dated March 24, 2021 as follows:

1. How long have you been working in Florida Department of Corrections?

    a. 5 years, 9 months.

2. Why was you present in G-dorm on September 4th 2019? From 12:30pm to 4:00pm?

    a. My recollection of the events of September 4, 2019 are contained in my incident report for the use of force on that date.

_____

[1] Any grammatical or spelling errors contained herein have been reproduced from the Plaintiff's original discovery request.

1



3. Do you recall exciting G-dorm front door to speak with Plaintiff?

   a. <u>No.</u>

4. Did you tell Plaintiff that you had orders to teach him a lesson?

   a. <u>No.</u>

5. What is organized force?

   a. <u>Refer to Ch. 33-602.210 for the definition of "organized force."</u>

6. Have you ever been under investigation for abusing inmates?

   a. <u>No.</u>

7. What is spontaneous force?

   a. <u>See Response #5.</u>

8. How many times have you been demoted for staff abuse?

   a. <u>None.</u>

9. What is reactionary force?

   a. <u>See Response #5.</u>

10. Whom was the senior official on the scene on September 4, 2019 during this use of force?

    a. <u>I do not recall.</u>

11. Can force be used as a punishment?

    a. <u>No.</u>

12.  Why are you a sergeant now as of present 2021?

   a.  Objection, irrelevant. This case pertains to the Plaintiff's Eighth
       Amendment claims relating to the use of force incident on
       September 4, 2019.  This interrogatory seeks information pertaining
       to events beyond the scope of this case.  Other incidents beyond
       those that occurred on September 4, 2019, or subsequent thereto, are
       not pertinent to an excessive force claim.  The interrogatory seeks
       information beyond the claim in the case, which is not admissible
       pursuant to rules 401 and 404, Federal Rules of Evidence ("FRE").
       See Segura v. City of Reno, 116 F.R.D. 42, 44 (D.Nev. 1987); see,
       e.g., United States v. Chavez, 204 F.3d 1305, 1316-17 (11th Cir.
       2000) (attempt to admit evidence of prior assaults on defendant's
       wife under FRE 404(b) inadmissible in trial for same offense under
       FRE 401, because the prior assaults did not relate to the issues at trial
       or the defendant's defense); Williams v. Asplundh Tree Expert Co.,
       No. 3:05-cv-479-J-33MCR, 2006 WL 2868923, at *1-*2 (M.D.Fla.
       Oct. 6, 2006) (unpublished order).

13.  Did you witness Plaintiff resist the extraction team physically?

   a.  Yes.

3

14. By policy & procedure, do you suppost [sic] to block the camera when a cell extraction is being conducted?

    a. <u>This is not in the policy.</u>

15. How often do inmates get force used on them & do not receive a disciplinary report?

    a. <u>When the operation of loss of gain time or any other sentence would be a fallacy, such as in the situation of inmates serving a life sentence.</u>

16. So when you was in the doorway- you never say this inmate get kicked in the face or hit with handcuffs?

    a. <u>No.</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalties of perjury that I have read the foregoing the Answers to the First Set of Interrogatories within the *"Defendant Dice's Objections And Responses To Plaintiff's Interrogatories,"* which is in response to said interrogatories served by Plaintiff for the Defendant, and confirm that the Answers stated herein are true and correct.

_____      5/25/2021

**Drew Dice**            date

**Declarant**

4

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee,Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Lindsey L. Miller-Hailey
Lindsey L. Miller-Hailey
Assistant Attorney General
Florida Bar No. 121410
Lindsey.millerhailey@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant Dice's Objections and Responses To Plaintiff's Interrogatories* was furnished by U.S. Mail to: Robert Sinclair Lee DC# TI5204, Santa Rosa Correctional Institution, 5850 East Milton Rd., Milton, FL 32583, on May 26, 2021.

/s/Lindsey L. Miller-Hailey
Lindsey L. Miller-Hailey

5

FLORIDA DEPARTMENT OF CORRECTIONS
**EMERGENCY ROOM RECORD**

*Ex. 2-8*

| Check all that apply: | ☒ Inmate | ☐ Employee | ☐ Visitor |
| | ☒ Post-Use-of-Force Exam | ☐ Injury | ☐ Physical Altercation |

All inmates must be examined by medical personnel following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstance. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA must review this form and sign it on the next working day.

Time of occurrence: 1413-1451    Time of exam: 1500

Description of occurrence:
PUOF w/ Chemical agent & cell extraction

Post Use of Chemical Agent Instructions: Shower without soap? ☐ N/A ☒ Yes ☐ Refused ☒ educated on importance of showering
☒ Report any difficulty breathing ☒ Remain in upright position ☒ Do Not apply lotion to the skin ☐ Splash cool water to eyes 5-10 minutes

Vital Signs: Temperature 98  Pulse 82  Respiration 16  O2 Sat 99 % Blood Pressure 140/85

Arrived via: ☒ Ambulatory ☐ Stretcher ☐ Wheelchair ☐ Other:

Condition on arrival (check all that apply) ☒ Alert ☐ Oriented x 4 (person, place, time, situation) ☒ Responding to questions verbally
☐ Other (requires description in examinations summary)
☒ C/O pain? If checked, where? "all body sheet"

Examination summary:
Multiple bruises to upper extremities - front/back, (R) eye swollen/black, bruise to (R) jaw/neck, "scrape" to left upper scalp, (R) inner lobe laceration, scratches to (R) upper back.

Physician notified? ☒ No ☐ Yes   Name:                 Time:

Treatment provided? ☐ No ☒ Yes  If yes, describe: Cleansed wounds, cold H2O shower, stopped bleeding, gave IBU, Mental health notified verbally.

Response to Treatment: Tolerated

Disposition: ☐ Population ☒ Confinement ☐ Infirmary ☐ Hospital ☐ Rescue ☐ Other (explain):

Discharge Instructions and Education: Return to medical if needed

Health Care Provider's Signature and Stamp: K. JOBST RN  K. JOBST, RN  Santa Rosa CI  Date/Time: 9/4/19 1510
W. Santiago Miranda
Reviewing Physician's Signature and Stamp:  Santa Rosa CI  Date/Time: 9/11/19 3:30
Main/Annex/Work Camp

**Name** Lee, Robert
**DC#** T15204  **Race/Sex** B/M
**Date of Birth**
**Institution** SRCI HCA

Inmate Distribution: White—Health Record / Canary—Inspector General / Pink—Local Requirements
Employee Distribution: White—Safety Officer/Designee / Canary—Employee Copy / Pink—DESTROY

DC4-701C (Effective 12/12)

Incorporated by Reference in Rule 33-602.210, F.A.C.

3:20-cv-5462-MCR-HTC

# DEPARTMENT OF CORRECTION

## USE OF FORCE INCIDENT REPORT

**Reporting Institution:** Santa Rosa Correctional Institution

**Incident Report Number:** 119-19-31816

**Reporting Employee:** Officer Michael Eiland

**PREA Number:** _____

**Employee ID Number:** ▮▮▮

**Date of incident:** September 4, 2019

**Person(s) Involved:** Inmate Lee, Robert DC#T15204

**Time of incident:** Approximately 1:55pm

Officer Michael Tona (▮▮▮)

**Witness(es):** See attached DC6-230

| | | | | |
|---|---|---|---|---|
| Control Room Log Entry Made: | ☒ Yes ☐ No | | Disciplinary Report Initiated: | ☒ Yes ☐ No |
| Inmate Placed in Confinement: | ☐ Yes ☒ No | | Work Order Initiated: | ☐ Yes ☒ No |
| Duty Warden Notified: | ☒ Yes ☐ No Time:3:55pm | | MINS Initiated: | ☒ Yes ☐ No |
| EAC Notified: | ☒ Yes ☐ No Time:4:08pm | | Duty Officer Name: | Pate 2019-09-22420 |
| Supporting Documents Attached | Yes | | | |

**DETAILS OF INCIDENT:** On September 4, 2019, I was assigned to Santa Rosa Correctional Institution, Main Unit, B-Shift as the Open Population Recreation Officer. At approximately 1:55pm, the utilization of organized force was necessitated as a result of Inmate Lee, Robert DC#T15204 disturbance and disrupting the normal operations of the dormitory and creating a disturbance by refusing to submit to a strip search, submit to wrist restraints and exit his cell for a cell search and to be placed on property restriction for failure to store his state and personal property. Authorization for the utilization of chemical agents was received prior to this organized Use of Force, as outlined in FAC 33-602.210. At approximately 2:02pm, Officer Justin Boatwright initiated video recording procedures and Lieutenant Tyler McCranie provided a brief lead in statement. At approximately 2:04pm, Inmate Lee was issued a final order to comply with orders to submit to a strip search, submit to wrist restraints, and exit his cell for a cell search and to be placed on property restriction. Inmate Lee refused to submit to wrist restraints. At approximately 2:13pm, I administered one organized application of chemical agent OC.

(Continued)

**I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.**

Officer Michael Eiland
Reporting Employee's Name (Print)     *[signature]*     September 4, 2019
Reporting Employee's Signature     Date

Ex. R1

**Shift Supervisor / Department Head**

**COMMENT:** This use of force was necessary to quell the disturbance Inmate Lee was creating and to overcome his physical resistance to lawful commands. Inmate Lee's DC4-650B (Chemical Agent Risk Assessment form) stated that, based on a review of the medical record at the time of his pre-confinement health assessment Inmate Lee had ▮▮▮▮ that would be exacerbated by the use of chemical agents, and was verified by LPN Sharp. Due to Inmate Lee being a Mental Health Grade of ▮, Crisis Intervention was necessary and was conducted by Mental Health Professional Adams with negative results. Officer Eiland administered two applications of chemical agents OC and one application of chemical agent CS. Following the application of chemical agents, Inmate Lee refused orders to receive a Cool Water Shower. At approximately 2:45pm, RN Joubst explained the importance of receiving a cool water decontamination shower and Inmate Lee continued to refuse all orders. Authorization for the use of the Forced Cell Extraction Team was received.

(continued)

Lieutenant Tyler McCranie
Shift Supervisor's Name (Print)     *[signature]*     September 4, 2019
Shift Supervisor's Signature     Date

**REVIEW:** *This packet along with all listed videos have been Reviewed and appears to be in compliance with the rules governing Use of Force found in Chapter 33-602.210. The handheld video containing the video of the unfolded use of force as well as the fixed wing of this incident, it t was filmed separately and has no relevance to this Use of force. The close could not be executed due to the video file being deleted from the handheld camera.*

MRJ# T1B

Major Bradley Oakes / Major N.Q.G
Correctional Officer Chief's Name (Print)     *[signature]*     5/5/19
Correctional Officer Chief's Signature     Date

**REVIEW:** *The documentation in this packet appears to be in compliance with Chapter 33-602.210. All video footage reviewed by Deputy Warden.*

Walker Clemmons, Warden
Warden's Name (Print)     *[signature] for*     9/20/19
Warden's Signature     Date

Robert Sinclair Lee v. LT. Tyler McCranie   3:20-cv-5462-MCR-HTC

*Defendants' Response Documents.1RFP#2.0002*

**DETAILS OF INCIDENT (cont'd):** consisting of three one-second bursts, into cell G1211, at Inmate Lee. At approximately 2:21pm, I administered one organized application of chemical agent OC, consisting of three one-second bursts, into cell G1211, at Inmate Lee. During these applications, Inmate Lee utilized his personal and state issued property to defeat the effects of chemical agents. Following two applications of chemical agent OC, Inmate Lee continued to refuse all orders to submit to restraints and exit his cell. At approximately 2:31pm, I then administered one application of chemical agent CS, consisting of three one-second bursts, into cell G1211 at Inmate Lee. At this time my involvement in this Organized Use of Force ended. I am trained in the use of chemical agents. My certification expires 09/19. I utilized the minimum amount of force necessary to bring Inmate Lee into compliance with lawful orders.

**Shift Supervisor / Department Head**

**COMMENT (cont'd):** This use of force was necessary to quell the disturbance Inmate Lee was creating and to overcome his physical resistance to lawful commands. At approximately 2:55pm, due to Inmate Lee's non-compliant behavior by refusing to exit his cell for a Cool Water Shower, Inmate Lee was forced showered. At approximately 2:59pm, Inmate Lee received clean boxers, and a post Use of Force medical examination by RN Joubet with these injuries noted: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ inde▓▓▓▓▓ ▓▓▓ inde▓▓ ▓▓▓▓▓▓▓▓▓. All participating staff involved received a post use of force examination with ▓▓ injuries noted. Inmate Lee will receive a Disciplinary Report for 6-1: Disobeying a verbal or written order. DW Major Bradley Oakes was notified at the conclusion of this incident. FAC Duty Officer Pate was notified and assigned report number 2019-09-22420. Upon review of the handheld video camera footage of the use of Force Cell Extraction, Inmate Lee made an allegation of excessive force by staff striking him in the face with hand restraints. At approximately, 3:14pm, Inmate Lee was returned to his decontaminated cell on property restriction for utilizing his state and personal property in an attempt to defeat the effects of chemical agents. Forward to the Correctional Officer Chief for further review.

**REVIEW (cont'd):**

**REVIEW (cont'd):**

Supporting Documents Attached _____

DC6-210A (Effective 1/18)        Incorporated by Reference in Rule 33-602.210, F.A.C.        Page 2 of 2

*Ex. R-2*

Robert Sinclair Lee  v. L.T. Tyler McCaning  3:20-cv-5462-mcc-HTC

Defendants' Response Documents.1RFP#2.0003

DEPARTMENT OF CORRECTIONS

## USE OF FORCE INCIDENT REPORT

**Reporting Institution:** Santa Rosa Correctional Institution

**Incident Report Number:** 119-19-31860A

**Reporting Employee:** Officer Tyler Miller

**PREA Number:**

**Employee ID Number:** ▮▮▮

**Date of incident:** September 4, 2019

**Person(s) Involved:** Inmate Lee, Robert DC#T15204

**Time of incident:** Approximately 2:42pm

**Witness(es):** See attached DC6-230

Control Room Log Entry Made: ☒ Yes ☐ No
Inmate Placed in Confinement: ☐ Yes ☒ No
Duty Warden Notified: ☒ Yes ☐ No Time: 3:55pm
EAC Notified: ☒ Yes ☐ No Time: 4:08pm
Supporting Documents Attached  Yes

Disciplinary Report Initiated: ☒ Yes ☐ No
Work Order Initiated: ☐ Yes ☒ No
MINS Initiated: ☒ Yes ☐ No
Duty Officer Name: Pate 2019-09-22420

**DETAILS OF INCIDENT:** On September 4, 2019, I was assigned as a Close Management Escort Officer at Santa Rosa Correctional Institution – Main Unit on B-Shift. At approximately 2:42pm, I was instructed to report to the Cell Extraction Ready Room and don cell extraction gear, and report to G-Dormitory due to a possible Forced Cell Extraction involving Inmate Lee, Robert DC#T15204. At approximately 2:48pm, Officer Corey Jones initiated video recording and I introduced myself as the Number One Team Member, along with my area of responsibilities. At approximately 2:51pm, with the Cell Extraction Team present at the front of cell G1211, Inmate Lee refused all orders to receive his required cool water decontamination shower, and refused all verbal orders to submit to a strip search, wrist restraints and exit the cell to be placed on property restriction. I utilized downward pressure with the shield to redirect Inmate Lee to a prone position on the floor. Once on the ground, Inmate Lee continued to resist staff. Sergeant Richburg and Officer Cattnach then utilized downward pressure and pulling force on Inmate Lee's upper extremities to place his hands behind his back and secure Inmate Lee in wrist restraints. Officer Tona and Sergeant Williams utilized downward pressure on Inmate Lee's lower extremities to gain control of Inmate Lee and secure Inmate Lee in leg restraints. At this time Inmate Lee became compliant and all force ceased. Sergeant Richburg and I escorted Inmate Lee to the cool water decontamination shower and then to the Gulf Dormitory Medical Room, and then back to his decontaminated cell. I have been trained in force cell extraction.

**I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.**

Officer Tyler Miller
Reporting Employee's Name (Print)          Reporting Employee's Signature          September 4, 2019
                                                                                    Date

Shift Supervisor / Department Head
COMMENT: Supplemental documentation.

Lieutenant Tyler McCranie
Shift Supervisor's Name (Print)          Shift Supervisor's Signature          September 4, 2019
REVIEW: Supplemental                                                          Date

Major Bradley Oakes  Major N.C.G
Correctional Officer Chief's Name (Print)          Correctional Officer Chief's Signature          9/5/19
REVIEW: Addendum.                                                                              Date

Walker Clemmons, Warden
Warden's Name (Print)          Warden's Signature          9/20/19
                                                            Date

DC6-210A (Effective 1/18)      Incorporated by Reference in Rule 33-602.210, F.A.C.      Page 1 of 2

Robert Sinclair Lee v LT. Tyler McCranie 3:20-cv-5462-MCR-HTC

Ex. S-1

Defendants' Response Documents.1RFP#2.0004

DEPARTMENT OF CORRECTIONS

## USE OF FORCE INCIDENT REPORT

**Reporting Institution:** Santa Rosa Correctional Institution

**Reporting Employee:** Sergeant Glenn Richburg

**Employee ID Number:** ▮▮▮▮▮▮▮

**Person(s) Involved:** Inmate Lee, Robert DC#T15204

**Incident Report Number:** 119-19-31868

**PREA Number:**

**Date of Incident:** September 4, 2019

**Time of Incident:** Approximately 2:42pm

**Witness(es):** See attached DC6-230

| | | | |
|---|---|---|---|
| Control Room Log Entry Made: | ☒ Yes ☐ No | Disciplinary Report Initiated: | ☒ Yes ☐ No |
| Inmate Placed in Confinement: | ☐ Yes ☒ No | Work Order Initiated: | ☐ Yes ☒ No |
| Duty Warden Notified: | ☒ Yes ☐ No Time: 3:55pm | MINS Initiated: | ☒ Yes ☐ No |
| EAC Notified: | ☒ Yes ☐ No Time: 4:08pm | Duty Officer Name: | Pate 2019-09-22420 |
| Supporting Documents Attached | Yes | | |

**DETAILS OF INCIDENT:** On September 4, 2019, I was assigned as the E-Dormitory Close Management Housing Sergeant at Santa Rosa Correctional Institution – Main Unit. At approximately 2:42pm, I was instructed to report to the Cell Extraction Ready Room and don cell extraction gear, and report to G-Dormitory due to a possible Forced Cell Extraction involving Inmate Lee, Robert DC#T15204. At approximately 2:48am, Officer Corey Jones initiated video recording and I introduced myself as the Number Two Team Member, along with my area of responsibility. At approximately 2:51pm, with the Cell Extraction Team present at the front of cell G1211, Inmate Lee refused all orders to receive his required cool water decontamination shower, and refused all verbal orders to submit to a strip search, wrist restraints and exit the cell to be placed on property restriction. Officer Miller utilized downward pressure with the shield to redirect Inmate Lee to a prone position on the floor. Once on the ground, Inmate Lee continued to resist staff. Officer Cattnach and I then utilized downward pressure and pulling force on Inmate Lee's upper extremities to place his hands behind his back and secure Inmate Lee in wrist restraints. Officer Tona and Sergeant Williams utilized downward pressure on Inmate Lee's lower extremities to gain control of Inmate Lee and secure Inmate Lee in leg restraints. At this time Inmate Lee became compliant and all force ceased. Officer Miller and I escorted Inmate Lee to the cool water decontamination shower and then to the Gulf Dormitory Medical Room then back to his decontaminated cell G1211. I have been trained in force cell extraction.

**I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.**

Sergeant Glenn Richburg
Reporting Employee's Name (Print)

*[signature]*
Reporting Employee's Signature

September 4, 2019
Date

**Shift Supervisor / Department Head**
**COMMENT:** Supplemental documentation.

Lieutenant Tyler McCranie
Shift Supervisor's Name (Print)

*[signature]*
Shift Supervisor's Signature

September 4, 2019
Date

**REVIEW:** Supplemental

Major Bradley Oakes \ Major *[illegible]*
Correctional Officer Chief's Name (Print)

*[signature]*
Correctional Officer Chief's Signature

9/5/19
Date

**REVIEW:** Addendum.

Walker Clemmons, Warden
Warden's Name (Print)

*[signature]* for
Warden's Signature

9/20/19
Date

DC6-210A (Effective 1/18)          Incorporated by Reference in Rule 33-602.210, F.A.C.          Page 1 of 2

*Ex. 50-2*

Robert Sinclair Lee v. L.T. Tyler McCranie  3:20-cv-5462-MCR-HTC

**Defendants' Response Documents.1RFP#2.0005**

DEPARTMENT OF CORRECTIONS

## USE OF FORCE INCIDENT REPORT

| | |
|---|---|
| **Reporting Institution:** Santa Rosa Correctional Institution | **Incident Report Number:** 119-19-31986C |
| **Reporting Employee:** Officer Cody Cattnach | **PREA Number:** |
| **Employee ID Number:** ▮▮▮▮ | **Date of Incident:** September 4, 2019 |
| **Person(s) Involved:** Inmate Lee, Robert DC#T15204 | **Time of Incident:** Approximately 2:42pm |
| | **Witness(es):** See attached DC6-230 |

Control Room Log Entry Made: ☒ Yes ☐ No
Inmate Placed in Confinement: ☐ Yes ☒ No
Duty Warden Notified: ☒ Yes ☐ No Time: 3:55pm
EAC Notified: ☒ Yes ☐ No Time: 4:08pm
Supporting Documents Attached  Yes

Disciplinary Report Initiated: ☒ Yes ☐ No
Work Order Initiated: ☐ Yes ☒ No
MINS Initiated: ☒ Yes ☐ No
Duty Officer Name: Pate 2019-09-22420

**DETAILS OF INCIDENT:** On September 4, 2019, I was assigned as the Close Management Gulf Dormitory Housing Sergeant at Santa Rosa Correctional Institution – Main Unit. At approximately 2:42pm, I was instructed to report to the Cell Extraction Ready Room and don cell extraction gear, and report to G-Dormitory due to a possible Forced Cell Extraction involving Inmate Lee, Robert DC#T15204. At approximately 2:48pm, Officer Corey Jones initiated video recording and I introduced myself as the Number Three Team Member, along with my area of responsibilities. At approximately 2:51pm, with the Cell Extraction Team present at the front of cell G1211, Inmate Lee refused all orders to receive his required cool water decontamination shower, and refused all verbal orders to submit to a strip search, wrist restraints, and exit the cell to be placed on property restriction. Officer Miller utilized downward pressure with the shield to redirect Inmate Lee to a prone position on the floor. Once on the ground, Inmate Lee continued to resist staff. Sergeant Richburg and myself then utilized downward pressure and pulling force on Inmate Lee's upper extremities to place his hands behind his back and secure Inmate Lee in wrist restraints. Officer Tona and Sergeant Williams utilized downward pressure on Inmate Lee's lower extremities to gain control of Inmate Lee and secure Inmate Lee in leg restraints. At this time Inmate Lee became compliant and all force ceased. I am trained in Force Cell Extraction.

**I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.**



Officer Cody Cattnach
**Reporting Employee's Name (Print)** _____ **Reporting Employee's Signature** _____ September 4, 2019 **Date**

**Shift Supervisor / Department Head**
COMMENT: Supplemental documentation.

Lieutenant Tyler McCranie
**Shift Supervisor's Name (Print)** _____ **Shift Supervisor's Signature** _____ September 4, 2019 **Date**
REVIEW: Supplemental

Major Bradley Oakes, Major N.C.O
**Correctional Officer Chief's Name (Print)** _____ **Correctional Officer Chief's Signature** _____ 9/5/19 **Date**
REVIEW: Addendum

Walker Clemmons, Warden
**Warden's Name (Print)** _____ **Warden's Signature** _____ 9/20/19 **Date**

DC6-210A (Effective 1/18)   Incorporated by Reference in Rule 33-602.210, F.A.C.   Page 1 of 2

Robert Sinclair Lee v. L.T. Tyler McCranie  3:20-cv-5462-MCR-HTC

*Defendants' Response Documents.1RFP#2.0006*

# DEPARTMENT OF CORRECTIONS

## USE OF FORCE INCIDENT REPORT

| | | | |
|---|---|---|---|
| **Reporting Institution:** | Santa Rosa Correctional Institution | **Incident Report Number:** | 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D |
| **Reporting Employee:** | Officer Michael Tons | **PREA Number:** | |
| **Employee ID Number:** | ▬▬▬ | **Date of Incident:** | September 4, 2019 |
| **Person(s) Involved:** | Inmate Lee, Robert DC# T15204 | **Time of Incident:** | Approximately 2:42pm |
| | | **Witness(es):** | See attached DC6-230 |

| | | | |
|---|---|---|---|
| Control Room Log Entry Made: | ☒ Yes ☐ No | Disciplinary Report Initiated: | ☒ Yes ☐ No |
| Inmate Placed in Confinement: | ☐ Yes ☒ No | Work Order Initiated: | ☐ Yes ☒ No |
| Duty Warden Notified: | ☒ Yes ☐ No Time: 3:55pm | MINS Initiated: | ☒ Yes ☒ No |
| EAC Notified: | ☒ Yes ☐ No Time: 4:08pm | Duty Officer Name: | Pate 2019-09-22420 |
| Supporting Documents Attached | Yes | | |

**DETAILS OF INCIDENT:** On September 4, 2019, I was assigned as the Echo Dormitory Close Management Housing Officer at Santa Rosa Correctional Institution – Main Unit. At approximately 2:00pm, I was instructed to report to the Cell Extraction Ready Room and don cell extraction gear, and report to G-Dormitory due to a possible Forced Cell Extraction involving Inmate Lee, Robert DC# T15204. At approximately 2:48pm, Officer Corey Jones initiated video recording and I introduced myself as the Number Four Team Member, alone with my area of responsibilities. At approximately 2:51pm, with the Cell Extraction Team present at the front of cell G1211, Inmate Lee refused all orders to receive his required cool water decontamination shower, and refused all verbal orders to submit to a strip search, wrist restraints and exit the cell to be placed on property restriction. Officer Miller utilized downward pressure with the shield to redirect Inmate Lee to a prone position on the floor. Once on the ground, Inmate Lee continued to resist staff. Sergeant Richburg and Officer Cattnach then utilized downward pressure and pulling force on Inmate Lee's upper extremities to place his hands behind his back and secure Inmate Lee in wrist restraints. Sergeant Williams and myself utilized downward pressure on Inmate Lee's lower extremities to gain control of Inmate Lee and secure Inmate Lee in leg restraints. At this time Inmate Lee became compliant and all force ceased. I have been train in Forced Cell Extraction.

**I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.**

| | | |
|---|---|---|
| Officer Michael Tons | *M.* ____ | September 4, 2019 |
| **Reporting Employee's Name (Print)** | **Reporting Employee's Signature** | **Date** |

Ex. V

**Shift Supervisor / Department Head**
**COMMENT:** Supplemental documentation.

| | | |
|---|---|---|
| Lieutenant Tyler McCranie | *(signature)* | September 4, 2019 |
| **Shift Supervisor's Name (Print)** | **Shift Supervisor's Signature** | **Date** |

**REVIEW:** Supplement.

| | | |
|---|---|---|
| Major Bradley Oakes  Major N. Lee | *(signature)* | 9/5/19 |
| **Correctional Officer Chief's Name (Print)** | **Correctional Officer Chief's Signature** | **Date** |

**REVIEW:** Addendum

| | | |
|---|---|---|
| Walker Clemmons, Warden | *(signature)* Mr. Palm For | 9/20/19 |
| **Warden's Name (Print)** | **Warden's Signature** | **Date** |

DC6-210A (Effective 1/18)    Incorporated by Reference in Rule 33-602.210, F.A.C.    Page 1 of 2

Robert Sinclair Lee v. L.T. Tyler McCranie   3:20-cv-5462-MCR-HTC

Defendants' Response Documents.1RFP#2.0007

## ?PARTMENT OF CORRECTIONS

## USE OF FORCE INCIDENT REPORT

| | |
|---|---|
| **Reporting Institution:** Santa Rosa Correctional Institution | **Incident Report Number:** 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E |
| **Reporting Employee:** Sergeant Christopher Williams | **PREA Number:** |
| **Employee ID Number:** ▮▮▮▮ | **Date of Incident:** September 4, 2019 |
| **Person(s) Involved:** Inmate Lee, Robert DC#T15204 | **Time of Incident:** Approximately 2:42pm |
| | **Witness(es):** See attached DC6-230 |

| | |
|---|---|
| Control Room Log Entry Made: ☒ Yes ☐ No | Disciplinary Report Initiated: ☒ Yes ☐ No |
| Inmate Placed in Confinement: ☐ Yes ☒ No | Work Order Initiated: ☐ Yes ☒ No |
| Duty Warden Notified: ☒ Yes ☐ No Time: 3:55pm | MINS Initiated: ☒ Yes ☐ No |
| EAC Notified: ☒ Yes ☐ No Time: 4:08pm | Duty Officer Name: Pate 2019-09-22420 |
| Supporting Documents Attached Yes | |

**DETAILS OF INCIDENT:** On September 4, 2019, I was assigned as the Close Management Escort Officer at Santa Rosa Correctional Institution – Main Unit. At approximately 2:42pm, I was instructed to report to the Cell Extraction Ready Room and don cell extraction gear, and report to G-Dormitory due to a possible Forced Cell Extraction involving Inmate Lee, Robert DC#T15204. At approximately 2:48pm, Officer Corey Jones initiated video recording and I introduced myself as the Number Five Team Member, along with my area of responsibilities. At approximately 2:51pm, with the Cell Extraction Team present at the front of cell G121, Inmate Lee refused all orders to receive his required cool water decontamination shower, and refused all verbal orders to submit to restraints. Officer Miller utilized downward pressure with the shield to redirect Inmate Lee to a prone position on the floor. Once on the ground, Inmate Lee continued to resist staff. Sergeant Richburg and Officer Catnach then utilized downward pressure and pulling force on Inmate Lee's upper extremities to place his hands behind his back and secure Inmate Lee in wrist restraints. Officer Tona and I then utilized downward pressure on Inmate Lee's lower extremities to gain control of Inmate Lee and secure Inmate Lee in leg restraints. At this time Inmate Lee became compliant and all force ceased. I have been train in Force Cell Extraction.

**I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.**

| | | |
|---|---|---|
| Sergeant Christopher Williams | | |
| Reporting Employee's Name (Print) | *Reporting Employee's Signature* | September 4, 2019 — Date |

**Shift Supervisor / Department Head**
**COMMENT:** Supplemental documentation.

Ex. W

| | | |
|---|---|---|
| Lieutenant Tyler McCranie | | |
| Shift Supervisor's Name (Print) | *Shift Supervisor's Signature* | September 4, 2019 — Date |
| **REVIEW:** Supplemented . | | |

| | | |
|---|---|---|
| Major Bradley Oakes \Major N.R.5 | | |
| Correctional Officer Chief's Name (Print) | *Correctional Officer Chief's Signature* | 9/5/19 — Date |
| **REVIEW:** Addendum. | | |

| | | |
|---|---|---|
| Walker Clemmons, Warden | | |
| Warden's Name (Print) | *Warden's Signature* | 9/20/19 — Date |

DC6-210A (Effective 1/18)     Incorporated by Reference in Rule 33-602.210, F.A.C.     Page 1 of 2

Robert Sinclair Lee v. L.T. Tyler McCranie   3:20-cv-5462-mcr-HTC

EPARTMENT OF CORRECTION

USE OF FORCE INCIDENT REPORT

Reporting Institution: Santa Rosa Correctional Institution

Reporting Employee: Officer Michael Tona

Employee ID Number: ▮▮▮

Person(s) Involved: Inmate Lee, Robert DC#T15204

Use of Force Incident Report Number: 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F

PREA Number:

Date of incident: September 4, 2019

Time of incident: Approximately 2:02pm

Witness(es):

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Control Room Log Entry Made: | ☐ | ☒ | Disciplinary Report Initiated: | ☒ | ☐ |
| Inmate Placed in Confinement: | ☐ | ☒ | Work Order Initiated: | ☐ | ☒ |
| Duty Warden Notified: | ☒ No Time: 3:55pm | | MINS Initiated: | ☐ | ☒ |
| EAC Notified: | ☒ No Time: 4:08pm | | Duty Officer Name: Pate 2019-09-22420 | | |
| Supporting Documents Attached | yes | | | | |

DETAILS OF INCIDENT: On September 4, 2019, I was assigned to B-Shift at Santa Rosa Correctional Institution Main Unit as a Echo Dormitory Housing Officer. At approximately 2:13pm, I was present in Gulf Dormitory at cell G1211 during an organized chemical agent use of force on Inmate Lee, Robert DC#T15204. I was present with and utilized the non-electric concave Plexiglas shield to protect staff, as Officer Eiland administered two applications (three one second bursts) of chemical agents OC and one application (three one second bursts) of chemical agent CS. I was present on wing one and witnessed only the minimum amount of force necessary to bring Inmate Lee into compliance with lawful commands. I did not use force during this incident.

I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.

Officer Michael Tona
Reporting Employee's Name (Print)    Reporting Employee's Signature    September 4, 2019 Date

Shift Supervisor / Department Head
COMMENT: Supplemental Documentation

Lieutenant Tyler McCranie
Shift Supervisor's Name (Print)    Shift Supervisor's Signature    September 4, 2019 Date
REVIEW: Supplemental.

Major Bradley Oakes
Correctional Officer Chief's Name (Print)    Correctional Officer Chief's Signature    9/5/19 Date
REVIEW: Addendum.

Walker Clemmons, Warden
Warden's Name (Print)    Warden's Signature    9/20/19 Date

Ex. X

DC6-210A (Effective 1/18)    Incorporated by Reference in Rule 33-602.210, F.A.C.    Page 1 of 2

Robert Sinclair Lee v. L.T. Tyler McCranie  3:20-cv-5462-MCR-HTC

Defendants' Response Documents.1RFP#2.0009

DEPARTMENT OF CORRECTIONS

## USE OF FORCE INCIDENT REPORT

**Reporting Institution:** Santa Rosa Correctional Institution

**Incident Report Number:** 119-19-31816 G

**Reporting Employee:** Officer Justin Boatwright

**PREA Number:**

**Employee ID Number:** ▓▓▓▓▓

**Date of Incident:** September 4, 2019

**Person(s) Involved:** Inmate Lee, Robert DC#T15204

**Time of Incident:** Approximately 1:55pm

**Witness(es):** See attached DC6-230

| | | | | | | |
|---|---|---|---|---|---|---|
| Control Room Log Entry Made: | ☒ Yes | ☐ No | | Disciplinary Report Initiated: | ☒ Yes | ☐ No |
| Inmate Placed in Confinement: | ☐ Yes | ☒ No | | Work Order Initiated: | ☐ Yes | ☒ No |
| Duty Warden Notified: | ☒ Yes | ☐ No Time: 3:55pm | | MINS Initiated: | ☒ Yes | ☐ No |
| EAC Notified: | ☒ Yes | ☐ No Time: 4:08pm | | Duty Officer Name: | Pate 2019-09-22420 | |
| Supporting Documents Attached | Yes | | | | | |

**DETAILS OF INCIDENT:** On September 4, 2019, I was assigned as the Delta Dormitory Closed Management Programs Officer at Santa Rosa Correctional Institution – Main Unit. At approximately 1:55pm, I was instructed to retrieve the G-Dormitory handheld digital video recorder and begin recording due to a possible chemical agent Use of Force involving Inmate Lee, Robert DC#T15204. At approximately 2:02pm, video recording commenced as Lieutenant Tyler McCranie provided a brief lead-in statement. Video recording ran un-interrupted through three applications of chemical agents. Following the application of chemical agents Lieutenant Drew Dice provided a brief closing statement and video recording ceased due to the Forced Cell Extraction camera taking over. Following this organized use of force incident. A DC1-801: Chain of Custody was completed for the digital video disc for this incident. I witnessed but did not participate in this Use of Force.

**I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.**

Officer Justin Boatwright
Reporting Employee's Name (Print)            Reporting Employee's Signature            September 4, 2019
                                                                                       Date

**Shift Supervisor / Department Head**
**COMMENT:** Supplemental documentation.

Lieutenant Tyler McCranie
Shift Supervisor's Name (Print)            Shift Supervisor's Signature            September 4, 2019
                                                                                   Date

**REVIEW:** Supplemental.

Major Bradley Oakes  Major N. Rolf
Correctional Officer Chief's Name (Print)            Correctional Officer Chief's Signature            9/5/19
                                                                                                      Date

**REVIEW:** Addendum.

Walker Clemmons, Warden
Warden's Name (Print)            Warden's Signature            9/20/19
                                                              Date

DC6-210A (Effective 1/18)            Incorporated by Reference in Rule 33-602.210, F.A.C.            Page 1 of 2

Ex. 4

Robert Sinclair Lee  v.  L.T. Tyler McCranie   3:20-cv-5462-MCR-HTC

Defendants' Response Documents.1RFP#2.0010

DEPARTMENT OF CORRECTIONS

## USE OF FORCE INCIDENT REPORT

| | |
|---|---|
| **Reporting Institution:** Santa Rosa Correctional Institution | **Incident Report Number:** 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 H |
| **Reporting Employee:** Officer Corey Jones | **PREA Number:** _____ |
| **Employee ID Number:** ███████ | **Date of incident:** September 4, 2019 |
| **Person(s) Involved:** Inmate Lee, Robert DC#T15204 | **Time of incident:** Approximately 2:00pm |
| _____ | **Witness(es):** See attached DC6-230 |

| | | | |
|---|---|---|---|
| Control Room Log Entry Made: | ☒ Yes ☐ No | Disciplinary Report Initiated: | ☒ Yes ☐ No |
| Inmate Placed in Confinement: | ☐ Yes ☒ No | Work Order Initiated: | ☐ Yes ☒ No |
| Duty Warden Notified: | ☒ Yes ☐ No Time: 3:55pm | MINS Initiated: | ☒ Yes ☐ No |
| EAC Notified: | ☒ Yes ☐ No Time: 4:08pm | Duty Officer Name: | Pate 2019-09-22420 |
| Supporting Documents Attached | Yes | | |

**DETAILS OF INCIDENT:** On September 4, 2019, I was assigned as a Close Management Escort Officer at Santa Rosa Correctional Institution – Main Unit. At approximately 2:00pm, I was instructed to retrieve the B-Dormitory handheld digital video recorder and report to G-Dormitory due to a possible Forced Cell Extraction involving Inmate Lee, Robert DC#T15204. At approximately 2:02pm, video recording commenced as Lieutenant Tyler McCranie provided a brief lead-in statement. Video recording ran un-interrupted through a Forced Cell Extraction and Inmate Lee receiving a cool water decontamination shower, a post Use of Force Medical Evaluation, and placed back into his decontaminated cell G1211. At approximately 3:15pm, Lieutenant McCranie provided a brief closing statement and video recording ceased. A DC1-801, Chain of Custody was completed for the digital video disc for this incident. I witnessed but did not participate in this Use of Force.

**I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.**

| | | |
|---|---|---|
| Officer Corey Jones | *Jones* | September 4, 2019 |
| Reporting Employee's Name (Print) | Reporting Employee's Signature | Date |

**Shift Supervisor / Department Head**
**COMMENT:** Supplemental documentation. Refer to DC6-230 Report of Force Used and DC6-210A Use of Force Incident Report submitted by Officer Michael Eiland for additional information regarding the organized use of force. Forward to the Correctional Officer Chief for further review.

| | | |
|---|---|---|
| Lieutenant Tyler McCranie | *Tyler McCranie* | September 4, 2019 |
| Shift Supervisor's Name (Print) | Shift Supervisor's Signature | Date |
| REVIEW: Supplemental | | |

Ex. 2

| | | |
|---|---|---|
| Major Bradley Oakes  Major H.O.7 | *signature* | 9/5/19 |
| Correctional Officer Chief's Name (Print) | Corrections Officer Chief's Signature | Date |
| REVIEW: Addendum. | | |

| | | |
|---|---|---|
| Walker Clemmons, Warden | *signature* | 9/20/19 |
| Warden's Name (Print) | Warden's Signature | Date |

DC6-210A (Effective 1/18)        Incorporated by Reference in Rule 33-602.210, F.A.C.        Page 1 of 2

Robert Sinclair Lee V. L.T. Tyler McCranie 3:20-cv-5462-MCR-HTC

EPARTMENT OF CORRECTION:

USE OF FORCE INCIDENT REPORT

| | |
|---|---|
| **Reporting Institution:** Santa Rosa Correctional Institution | **Incident Report Number:** 119-19-31886 I |
| **Reporting Employee:** Lieutenant Drew Dice | **PREA Number:** |
| **Employee ID Number:** ▉▉▉▉ | **Date of Incident:** September 4, 2019 |
| **Person(s) Involved:** Inmate Lee, Robert DC#T15204 | **Time of Incident:** Approximately 2:02pm |
| | **Witness(es):** See attached DC6-230 |

| | | |
|---|---|---|
| Control Room Log Entry Made: ☒ Yes ☐ No | Disciplinary Report Initiated: ☒ Yes ☐ No | |
| Inmate Placed in Confinement: ☐ Yes ☒ No | Work Order Initiated: ☐ Yes ☒ No | |
| Duty Warden Notified: ☒ Yes ☐ No Time: 3:55pm | MINS Initiated: ☒ Yes ☐ No | |
| EAC Notified: ☒ Yes ☐ No Time: 4:08pm | Duty Officer Name: Pate 2019-09-22420 | |
| Supporting Documents Attached Yes | | |

DETAILS OF INCIDENT: On September 4, 2019, I was assigned as the B-Shift Assistant Shift Supervisor at Santa Rosa Correctional Institution – Main Unit. At approximately 1:55pm, I was present in G-Dormitory during an organized chemical agent and subsequent forced cell extraction use of force involving Inmate Lee, Robert DC#T15204. I remained present in the housing unit to assist as necessary, however I did not participate in this use of force incident. I witnessed all participating staff utilize only the minimum amount of force to bring Inmate Lee into compliance with lawful commands.

I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.

Lieutenant Drew Dice
Reporting Employee's Name (Print)          Reporting Employee's Signature          September 4, 2019
                                                                                    Date

Ex. 2-1

Shift Supervisor / Department Head
COMMENT: Supplemental documentation.

Lieutenant Tyler McCranie
Shift Supervisor's Name (Print)          Shift Supervisor's Signature          September 4, 2019
                                                                               Date

REVIEW: Supplemental.

Major Bradley Oakes    Major W. ____
Correctional Officer Chief's Name (Print)          Correctional Officer Chief's Signature          9/5/19
                                                                                                   Date

REVIEW: Addendum.

Walker Clemmons, Warden
Warden's Name (Print)          Warden's Signature          9/20/19
                                                           Date

DC6-210A (Effective 1/18)          Incorporated by Reference in Rule 33-602.210, F.A.C.          Page 1 of 2

Defendants' Response Documents.1RFP#2.0012

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

AUTHORIZATION FOR USE OF FORCE

*Ex. 2-2*

Institution/Facility:   Santa Rosa Correctional Institution – Main Unit

Inmate Name:   Lee, Robert                          Inmate Number:   T15204

**Justification for Use of Force:**

On September 4, 2019, at approximately 1:55pm, I was contacted by Lieutenant Tyler McCranie concerning Inmate Lee, Robert DC#T15204. Lieutenant McCranie advised me that Inmate Lee was present in his assigned cell, G1211, refusing to submit to a strip search, submit to wrist restraints and exit his cell for a cell search and to be placed on property restriction. I was informed that due to Inmate Lee's mental health level of ███, CIT was necessary and conducted by Mental Health Professional Adams with negative results. Inmate Lee's dormitory file was reviewed and the DC4-650B (Chemical Agent Risk Assessment form) stated that, based on a review of the medical record at the time of his pre-confinement health assessment, Inmate Lee had ███████████████ ██████ that would be exacerbated by the use of chemical restraint agents, and verified by LPN Sharp. I authorized the organized use of chemical agent OC, if necessary, to quell the disturbance Inmate Lee was creating and to overcome his physical resistance to lawful commands.

On September 4, 2019, at approximately 2:25pm, I was contacted by Lieutenant Tyler McCranie concerning Inmate Lee, Robert DC# T15204. Lieutenant McCranie informed me that Inmate Lee continued to refuse orders to submit to a strip search, submit to wrist restraints, and exit his cell for a cell search and to be placed on property restriction following two applications of chemical agents. I authorized the use of chemical agent CS if necessary, to overcome Inmate Lee's physical resistance to lawful commands.

On September 4, 2019, at approximately 2:40pm, I was contacted by Lieutenant McCranie concerning Inmate Lee. Lieutenant McCranie informed me that, following two applications of chemical agent OC, and one application of chemical agent CS, Inmate Lee was refuse orders to submit to a strip search, submit to wrist restraints, and exit his cell for a cell search and to be placed on property restriction. I authorized the use of the Forced Cell Extraction Team, if necessary, to overcome Inmate Lee's physical resistance to lawful commands.

| | |
|---|---|
| Individual Authorizing Use of Force | Bradley Oakes |
| | (Print or Type Full Name) |
| Title of Authorizing Individual | Major |
| Signature | |
| Date Force Was Authorized | September 4, 2019 |
| Date Force Was Used | September 4, 2019 |

| | |
|---|---|
| Individual Receiving Use of Force Authorization | Tyler McCranie |
| | (Print or Type Full Name) |
| Title of Individual Receiving Authorization | Lieutenant |
| Signature | |

| | |
|---|---|
| Individual Using Force | Officer Michael Eiland |
| | (Print or Type Full Name) |
| Individual Using Force | Officer Tyler Millen |
| | (Print or Type Full Name) |
| Individual Using Force | Sergeant Glen Richburg |
| | (Print or Type Full Name) |
| Individual Using Force | Officer Cody Cattnach |
| | (Print or Type Full Name) |
| Individual Using Force | Officer Michael Tona |
| | (Print or Type Full Name) |
| Individual Using Force | Sergeant Christopher Williams |
| | (Print or Type Full Name) |

(Use additional sheets if necessary)
DC6-232 (Revised 9-99)

DC6-232 (Revised 9-99)

**PART B - RESPONSE**

| LEE, ROBERT | T15204 | 1909-119-069 | SANTA ROSA C.I. | G1211L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THIS INCIDENT IS UNDER REVIEW BY THE USE OF FORCE UNIT OF THE OFFICE OF THE INSPECTOR GENERAL.  UPON COMPLETION OF THIS REVIEW, INFORMATION WILL BE PROVIDED TO APPROPRIATE ADMINISTRATORS FOR FINAL DETERMINATION AND HANDLING.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED.

FUTURE INQUIRIES CONCERNING THESE ALLEGATIONS SHOULD BE ADDRESSED TO THE INSTITUTIONAL INSPECTOR BY SUBMITTING A DC6-236, INMATE REQUEST.

A COPY OF THIS GRIEVANCE HAS BEEN FORWARDED TO THE INSTITUTIONAL INSPECTOR.

P. RODRIGUEZ                        WALKER CLEMMONS, WARDEN

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 9/5/19 DATE |
|---|---|---|

Acting

SEP 06 2019

Ex. A-1

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Lee        Robert        S.        T15204        Santa Rosa Correction Inst.
Last        First        Middle Initial        DC Number        Institution

1909-119-069

Sensative Nature of Battery        **Part A – Inmate Grievance**        Against Staff ☒ HAD NO RIGHT TO close Door

This Formal Complaint is against Prison officials here at Santa Rosa Correctional Institution Main Unit. I Robert S. Lee T15204 whom is housed in G1211 was in my cell on September 4th 2019 around 2:30 pm to 3:30 pm officer Tona & LT. of Gulf dorm approched my cell telling me do I wanna run it or cuff up? I am minding my business. Well I was C.I.T. by Counsel Adams. They then used chemical agents 3 separate times. After the 1st round the LT. Dice comes outside my back window & tells me he has orders from up top to send the Extraction Team in my cell to teach me a lesson. Then the next 2 rounds of chemical agents wree dummy shots - no gas was sprayed - cans was empty. That was done so the officers could come in my cell to teach me a lesson; without being choked. So I tell the Nurse and LT. Inkrainy I'd cuff-up & take a shower. I tried to comply with the strip serach; gave up my pants & shirt, even dropped my boxers. The officers made it seem like I refused. The whole time I submitted. Well I laid face down with my hands on top of my head. They door was rounded I was punched at least 30 times. Someone even hit me with cuffs split my left ear, the left side of my head an behind my right ear is split. My left eye is swollen. Two of the officers stuck the fingers in my eyes traying to claw them out. They are bloodshot. Both LT. Dice & Inkrainy stood in the doorway so the camera could not get a visual of the incident. They even pulled the door closed once or twice. One of the officers even got up & kicked me 2 times in the head saying stop hitting him. There's blood splashed on my wall where the blow from the cuff split my ear & head. Someone bent my thumb back & I was not resisting. These action were indifferent, cruel & improper by the standards of 33.208.002 and 33.602.210 & 211, why I was seeing the Nurse I asked them is that a part of protocol. Officer tells me that's what happens when you run the team. Remedy ↓

9-4-19
. DATE

Robert S. Lee        T15204
**SIGNATURE OF GRIEVANT AND D.C. #**

To be tried Fairly against Abuse From Staff & cruel Punishment

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

∅
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____        Institutional Mailing Log #: _____        _____
                                    (Date)                                                                                          (Received By)

**DISTRIBUTION:**        INSTITUTION/FACILITY        CENTRAL OFFICE
RECEIVED        INMATE (2 Copies)        INMATE
                        INMATE'S FILE        INMATE'S FILE - INSTITUTION/FACILITY
SEP 0 5 2019        INSTITUTIONAL GRIEVANCE FILE        CENTRAL OFFICE INMATE FILE
DC1-303 (Effective 11/13)                                    CENTRAL OFFICE GRIEVANCE FILE
                        **Incorporated by Reference in Rule 33-103.006, F.A.C.**

Robert S. Lee #T52204
SANTA ROSA CORRECTIONAL Institution
5850 EAST MILTON ROAD
MILTON, FLA. 32583-7914



RECEIVED  AUG 13 2021

United States District Court
Northern District of Florida
1 Northern PalaFox Street
Pensacola, FLA. 32502

[Legalmail]