## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**ROBERT SINCLAIR LEE**

**DC# T15204,**

**Plaintiff,**

**v.**                                   **CASE NO. 3:20-cv-5462-MCR-HTC**

**LT. TYLER MCCRAINE, et al.,**

 **Defendants.**

_____/

### DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

**Defendants** Drew Dice, Corey Jones, Tyler McCraine, Glenn Richburg, Justin Boatwright, Cody Cattnach, and Michael Tona, (hereinafter "Defendants"), through undersigned counsel, and pursuant to Rule 56(b), Fed. Rules Civil Pro., hereby file this partial motion for summary judgment, and allege the following in support thereof:

I.      **Plaintiff cannot prove a constitutional violation by Defendants as to claims regarding being placed on property restriction;**

II.     **Plaintiff cannot prove a constitutional violation by Defendants as to claims regarding statements made by Defendants;**

III.    **Plaintiff cannot prove a constitutional violation by Defendants as to claims regarding allegedly untimely incident reports;**

**IV.    Defendants are entitled to Qualified Immunity regarding these claims.**

## <u>PRELIMINARY STATEMENT</u>

Plaintiff, a pro se inmate of the Florida Department of Corrections serving a life sentence at Santa Rosa Correctional Institution. <u>See</u> FDC's Offender Search page, http://www.dc.state.fl.us/AppCommon (last visited August 18, 2021) (Robert Sinclair Lee, DC# T15204).   Plaintiff has filed a Civil Rights lawsuit pursuant to 42 U.S.C. §1983 against the above Defendants.  The events alleged in the Complaint occurred on or about September 4, 2019 at Santa Rosa Correctional Institution in Milton, Florida.

Plaintiff initiated this action on or about May 15, 2020. (Doc. 1). Plaintiff raises the following claims against the Defendants in his First Amended Complaint (Doc. 6):

i)   Defendants McCraine, Dice, Tona, Cattnach, and Richburg[1] deprived him of his property, which violated his 4th Amendment and 14th Amendment rights without due process (Doc. 6 at 13).

ii)  Defendant McCraine violated Plaintiff's due process when she allegedly stated "if you had cuffed up this would never happened." <u>Id</u>.

iii) Defendants McCraine, Dice, Richburg, Tona, and Cattnach violated is 4th Amendment rights by "chanting stop resisting and he was already in handcuffs." <u>Id</u>.

---

[1] Plaintiff also names John Doe's that were never served or represented in this action.

iv) Defendants McCraine, Dice, Tona, Cattnach, Richburg, Jones, and Boatright allegedly did not turn in incident reports timely, which violated Plaintiff's due process. (Id. at 14)

As relief, Plaintiff seeks $150,000 in compensatory damages, $250,000 in punitive damages, statutory damages, award for "physical and emotional injuries," and grant Plaintiff such other relief as it may appear Plaintiff is entitled to. (Id. at 16-18.)

## MEMORANDUM OF LAW

### I.   Standard for Summary Judgment

Summary Judgment is proper if the pleadings and sworn statements show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. Rules Civil Pro., 56(c); Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). The party moving for Summary Judgment bears the initial burden of demonstrating an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 322-23. Upon meeting this burden, the burden shifts to the nonmoving party to present evidentiary material demonstrating that a genuine issue of material fact exists. Id.

Applicable substantive law identifies those facts that are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Factual issues must have a real basis in the record to be considered genuine and the nonmoving party must show more than a "metaphysical doubt" regarding the material facts. Matsushita Electric Industrial Co.

v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  The evidence and reasonable inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party. Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).

Although all reasonable inferences are made in favor of the nonmoving party, a court need not permit a case to go to a jury when the inferences drawn from the evidence and upon which the nonmoving party relies are 'implausible.' Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). A mere "scintilla" of evidence in support of the nonmoving party's position is not sufficient; there must be evidence upon which a jury could reasonably find for the nonmoving party. Anderson, 477 U.S. at 252. See also Matsushita, 475 U.S. at 587 (there is no genuine issue for trial if record taken as a whole would not lead a rational trier of fact to find in favor of non-moving party). In other words, Summary Judgment is warranted against a nonmoving party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

To create an issue of fact for trial sufficient to defeat a well-supported Summary Judgment motion, the non-movant's evidentiary material must consist of more than conclusory, uncorroborated allegations from an affidavit. West v. Higgins, 346 F. App'x 423, 425 (11th Cir. 2009) (per curiam) (unreported op.) (citing Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990)). For the factual issues to

be genuine, they must have a real basis in the record, cannot be based merely on "information and belief" or unsupported factual allegations. Earley, 907 F.2d at 1081. Further, if "two parties tell different stories [where one] is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). If a fact cannot be presented in a form that would be admissible in evidence, it cannot be used for purposes of Summary Judgment. Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999). See also Rule 56(c), Fed. R. Civ. P.

In McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996), the Eleventh Circuit clarified its earlier rulings on this point by indicating that their cases applying Celotex read Celotex "as simply allowing *otherwise admissible evidence* to be submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form." The Court continues to apply this principle. See McCaskill v. Ray, 279 Fed.Appx. 913, 914 (11th Cir. 2008). However, the court was clear that "potential impeachment evidence [although admissible] . . . may not be used to create a genuine issue of material fact for trial" that would defeat a Motion for Summary Judgment. McMillian, 88 F.3d at 1584.

II.    **Plaintiff fails to state a claim against Defendants regarding being placed on property restriction.**

Plaintiff claims that placement on property restriction, allegedly without an explanation, violated his 4ᵗʰ Amendment right to be free from "unreasonable search and seizure" and his 14ᵗʰ Amendment right "life, liberty and property" without due process of law. (Doc. 6 at 13, ¶2) Plaintiff claims that Tona and McCraine violated these rights by "not justifying a valid reason to place him on property restriction." Id. at ¶7.

To determine if there was any due process violation, the court must "first ask whether there exists a liberty or property interest of which a person has been deprived, and if so . . . ask[s] whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, __ U.S. __, 131 S. Ct. 859, 861 (2011) (citing Ky. Dep't. of Corr. v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989)). Thus, to state a claim for a due process violation, the plaintiff must show a liberty interest giving rise to the protection of the Due Process Clause. See Sandin v.Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995).

There is already case law that holds the Fourth Amendment is inapplicable to searches conducted in prison. See, e.g., Hudson v. Palmer, 468 U.S. 517, 536, 104 S. Ct. 3194 (1984) (holding that the Fourth Amendment has no applicability to a prison cell and, even if personal property was intentionally destroyed during a shakedown search, the destruction of personal property does not violate the Fourteenth Amendment if the state has provided an adequate post-deprivation remedy).

If there were a claim to be brought by a prisoner concerning a "seizure" for Fourth Amendment purposes, the standard for qualified immunity would logically have to be lower than "arguable probable cause" when examining seizures initiated in a prison context.  See Howard, 538 F.App'x at 888 n.2 (recognizing the possibility that the standard for qualified immunity a malicious prosecution claim under § 1983 would be lower than "arguable probable cause" in the prison context).  This is necessarily so considering the significant differences between correctional officers and police officers in the execution of their duties.  Cf.  Wolff v. McDonnell, 418 U.S. at 560 ("[i]t is immediately apparent that one cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees or probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison"); Superintendent v. Hill, 472 U.S. at 454-55 ("disciplinary proceedings take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so.") (internal quotes omitted).

Furthermore, Plaintiff provided no other facts other than his placement on property restriction, "without justifying a valid reason," violated his rights. (Doc. 6, generally.) Without more than these conclusory allegations, Plaintiff has not suffered the type of atypical, significant hardship required to demonstrate deprivation of a liberty interest. See Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293 (1995).

**II.**    **Plaintiff cannot prove a constitutional violation by Defendants as to claims regarding statements made by Defendants**

Plaintiff claims Defendant McCraine violated his due process when she stated "if you had cuffed up this would have never happened." (Doc. 6 at 13) Plaintiff further alleges that Defendants McCraine, Dice, Richburg, Tona, and Cattnach violated his 4th Amendment rights by "chanting stop resisting and he was already in handcuffs." Id.

Derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); see also McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."). Clearly, the Plaintiff has failed to show a liberty interest giving rise to the protection of the Due Process Clause.  See Sandin v.Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995).

**V.**    **Plaintiff cannot prove a constitutional violation by Defendants as to claims regarding allegedly untimely incident reports**

Plaintiff alleges Defendants McCraine, Dice, Tona, Catthanch, Richburg, Jones, and Boatright did not turn in incident reports timely, which violated his due process of law. However, Plaintiff offers nothing more than this conclusory allegation. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (noting courts "are not bound to accept as

true a legal conclusion couched as a factual allegation"); see also Cunningham v. School Board of Lake County, 2016 WL 1755612, at *6 (M.D. Fla. May 3, 2016) ("[w]hile this allegation is a virtual parroting of the legal standard, it provides no factual basis from which the Court can plausibly infer that the standard … has been met").

Furthermore, noncompliance with prison regulations by prison officials is not, in itself, sufficient to give rise to a § 1983 claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481–82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir.2013) (district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, CV 11–0377–CG–N, 2012 WL 404588, at *5 (S.D.Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by 2012 WL 403849 (S.D.Ala. Feb. 7, 2012); Jones v. Schofield, 1:08–CV–7 WLS, 2009 WL 902154, at *3 (M.D.Ga. Mar. 30, 2009)("Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action."). Webb v. Brown, No. CV 115-032, 2015 WL 2219552, at *4 (S.D. Ga. May 11, 2015).

Plaintiff's contention that the incident reports is absent any factual allegations supporting somehow impacted a liberty interest. Plaintiff has failed to state a constitutional claim against Defendants.

## IV.   <u>Defendants are Entitled to Qualified Immunity</u>

Defendants are entitled to Qualified Immunity on the above claims as Defendants did not act unreasonably towards Plaintiff and did not violate any of Plaintiff's constitutional rights.

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>White v. Pauly</u>, 137 S. Ct. 548, 551 (2017) (<u>quoting</u> <u>Mullenix v. Luna</u>, 136 S. Ct. 305, 307 (2015)). For a constitutional violation to exist, "existing precedent must have placed the statutory or constitutional question beyond debate." <u>Id</u>. As stated another way by the Supreme Court, "immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" <u>Id</u>.

To fall under Qualified Immunity protection, a defendant must first establish that he was acting within his discretionary authority, and if the defendant does so successfully, "the burden then shifts to the plaintiff to show that qualified immunity is not appropriate." <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009). When evaluating a claim

for Qualified Immunity, a court must determine (1) whether the facts alleged, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right, and (2) whether, under the facts alleged, there was a violation of "clearly established law." Id. Courts are not required to address the two prongs of this test in any order. Id. To determine whether the officers' conduct was "reasonable" under the circumstances, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to the underlying intent or motivation . . . It must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004) (citations omitted).

Here, Defendants are entitled to Qualified Immunity, because they were acting pursuant to their authority as correctional officers, and their conduct was reasonable under the circumstances. Defendants did not violate Plaintiff's rights through their conduct. Clearly, Defendants' actions do not demonstrate that there was a violation of a constitutional right or of "clearly established law." See Pearson, 555 U.S. 223.

The Defendants had an obligation to maintain care, custody, and control of Plaintiff.  Based on Plaintiff's refusal to obey lawful orders, their actions were reasonable under the circumstances.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants respectfully move for the entry of Summary Judgment on the above claims in their favor in this cause.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Lindsey L. Miller-Hailey

Lindsey L. Miller-Hailey
Assistant Attorney General
Florida Bar No. 121410
Office of the Attorney General
The Capitol, PL-01
Tallahassee,Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
lindsey.millerhailey@myfloridalegal.com

## CERTIFICATE OF WORD COUNT

**I hereby certify** that, in accordance with Northern District of Florida local rule 7.1(F), the total word count for this motion and memorandum is less than 3,000 words.

/s/Lindsey L. Miller-Hailey
Lindsey L. Miller-Hailey

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been e-filed electronically through CM/ECF, and furnished U.S. Mail to: Robert Sinclair Lee DC# TI5204, Santa Rosa Correctional Institution, 5850 East Milton Rd., Milton, FL 32583, on August 19, 2021.

/s/Lindsey L. Miller-Hailey
Lindsey L. Miller-Hailey

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

**JOHNNIE EDWARD JOHNSON**

**DC# P31311,**

**Plaintiff,**

**v.**                                                      **CASE NO. 3:19-cv-516-LC-EMT**

**KOSANOVICH, et al.,**

 **Defendants.**

_____/

## INDEX TO APPENDIX

Exhibit A     Declaration of Grant Kosanovich with
              Att. 1: DR documents for disobeying order, log no. 135-171340.
              Att. 2: DR documents for spoken threat, log number 135-171331.
              Att. 3: DR documents for battery or attempted on corrections officer, log
              number 135-171332.

Exhibit B     Declaration of Eldridge Pogue

Exhibit C     Fixed Wing Video for Use of Force case no. 17-14129 (to be filed
              under seal).

Exhibit D     Handheld Video for Use of Force case no. 17-14129 (to be filed under
              seal).

Exhibit E     Medical Records related to use of force incident on August 9, 2017.

Exhibit F     Use of Force Report for case no. 17-14129